[No. 10,898. Department Two.—February 19, 1884.]

THE PEOPLE, RESPONDENT, *v.* JOHN J. WHEELER, APPELLANT.

CRIMINAL LAW—SETTING ASIDE INFORMATION—ASSAULT WITH INTENT TO COMMIT MURDER.—An examination and commitment by a magistrate is sufficient to authorize a proceeding by information for the crime of an assault with a deadly weapon with intent to commit murder.

ID.—SUMMONING JURY.—An order of the court directing the clerk "to draw the names of thirty-five good and lawful men," to be summoned from the body of the county, is a substantial compliance with the statute.

ID.—The district attorney, during the argument, addressed the defendant personally, advanced towards him and pointed his finger at him, saying, "you sought this trouble with him [referring to the prosecuting witness] and made a cowardly attack upon him." *Held*, that this does not justify a reversal of the judgment against the defendant.

ID.—INSANITY—INSTRUCTIONS.—Where there was no evidence that defendant was insane, instructions upon the subject of insanity will not be reviewed.

ID.—INSTRUCTIONS—DEFENDANT AS A WITNESS IN HIS OWN BEHALF.—Where a defendant is a witness in his own behalf, it is not error for the court to instruct the jury that in weighing his evidence they must consider the circumstances under which he testified, being the defendant in the case and having such important interests dependent upon the result.

ID.—Unimportant errors will not warrant a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order refusing a new trial.

The facts are stated in the opinion of the court and the headnotes.

*J. J. May*, and *E. V. Spencer*, for Appellant.

*Attorney-General Marshall*, for Respondent.

MORRISON, C. J.—Defendant was tried on an information for the crime of an assault with a deadly weapon with intent to commit murder. Verdict of guilty as charged; motion for a new trial and denial thereof; appeal from judgment and order denying new trial. Numerous errors are assigned on this appeal, which will be briefly examined by the court.

The first point is that there was error in the refusal to set aside the information. In our opinion the information was good and was filed in a proper case. There had been an examination and commitment of the defendant by a magistrate, and that was sufficient to authorize the district attorney to proceed against him by information. (Const. art. i., § 8.)

2. The second assignment is that there was error in summoning a jury. We do not think the objection well taken. The court made an order directing the clerk "to draw the names of thirty-five good and lawful men," to be summoned, etc. This was a substantial compliance with the law, and the jury was properly formed. (§§ 214, 215, Code Civ. Proc.)

3. In the third place, it is claimed that there was misconduct on the part of the district attorney. The record fails to show any such misconduct as would justify this court in disturbing the judgment.

4. The fourth objection, conceding that the same is well taken, is too slight and unimportant to call for a reversal of the judgment.

5. The fifth point presents an objection to the charge of the court on the subject of insanity. In reference to this objection it is sufficient to say that there was no evidence that the defendant was insane.

6. The last assignment of error challenges another part of the charge. The defendant was a witness on his own behalf, and the court told the jury that in weighing his evidence they must consider the circumstances under which he testified, being the defendant in the case, and having such important interests dependent upon the result of the case. There was no error in this part of the charge, and it was very properly given. (*People* v. *Morrow*, 60 Cal. 146.)

Judgment and orders affirmed.

MYRICK, J., SHARPSTEIN, J., and THORNTON, J., concurred.