[Crim. No. 404. Department Two.—July 21, 1898.]

THE PEOPLE, Appellant, v. JAMES GEORGE, Respondent.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—COMPLAINT FOR ARREST—IMMATERIAL MISNOMER.—An information charging a defendant with an assault with a deadly weapon with intent to kill and murder one Frank "Botano" cannot properly be set aside upon the ground that defendant had not been legally committed by the magistrate for the offense charged, by reason of a misnomer in the complaint for arrest, caused by mistake of the justice of the peace in the recital of the complaint in describing the "affiant" as Frank "Bartino," it appearing that the complaint was actually subscribed and sworn to by Frank "Botano." Such mistaken recital could not have prejudiced the defendant, and it is error to set aside the information on account thereof.

APPEAL from an order of the Superior Court of Merced County setting aside an information. J. K. Law, Judge.

The facts are stated in the opinion of the court.

W. T. Fitzgerald, Attorney General, and F. G. Ostrander, District Attorney, for Appellant.

V. G. Frost, for Respondent.

McFARLAND, J.—This is an appeal taken by the people from an order of the superior court sustaining a motion of the respondent to set aside the information, which charged him with felonious assault upon Frank Botano. The motion was made "upon the ground that before the filing thereof the defendant had not been legally committed by a magistrate for the offense charged in the information." The point rests entirely upon the alleged insufficiency of the complaint made before the magistrate upon the preliminary examination. The part of said complaint necessary to be considered is as follows:

"Personally appeared before me this fourth day of October, A. D. 1897, Frank Bartino of Merced, the county of Merced, who first being duly sworn, complains and accused James George of the crime of assault with a deadly weapon with intent to murder, committed as follows: That said James George, on or about the third day of October, A. D. 1897, at and in the said county of Merced, state of California, did willfully, unlawfully,

and feloniously assault *affiant*, the said Frank Bartino, with a deadly weapon, with the intent then and there to kill and murder the said *affiant*. . . . . Said complainant therefore prays that a warrant may be issued for the arrest of the said James George and that he may be dealt with according to law.

"FRANK BOTANO.

"Subscribed and sworn to before me, this fourth day of October, A. D. 1897.

"JNO. NAFFZIGER,

"Justice of the peace of No. 2 Township, county of Merced."

We think that upon these facts the court erred in setting aside the information. The preliminary examination and the commitment following it were certainly not void on account of any defect in the complaint. The most that can be said against the complaint is that it is somewhat ambiguous. The justice before whom the affidavit was made recites, at the commencement of it, that Frank Bartino "personally appeared before me," etc.; but in the body of the instrument the affiant testifies that the defendant, George, feloniously assaulted "affiant," and the affidavit is subscribed by Frank Botano, as affiant; and, as thus subscribed, it is certified by the justice to have been "subscribed and sworn to" before him. It is clear enough that Frank Botano was the person who was the affiant and made oath that the assault was made upon him; and the word *Bartino* was evidently inserted by mistake. The fact that in the recital the justice misstated the name of the real affiant, who actually subscribed the complaint, could not have prejudiced the respondent; and there is no doubt that he could successfully protect himself against any other prosecution for the offense charged. The court below directed the district attorney to file a new information, but it is difficult to see how a better one could be prepared. The information was sufficient in form and substance; and it does not appear "that before the filing thereof the defendant had not been legally committed by a magistrate."

The order appealed from is reversed.

Temple, J., and Henshaw, J., concurred.