[Crim. No. 452. In Bank.—February 8, 1900.]

THE PEOPLE, Plaintiff, v. JOSEPH S. COLE, Appellant.

CRIMINAL LAW—HOMICIDE—CONFESSED ERROR IN INSTRUCTIONS—UNAUTHENTICATED REQUESTS OF DEFENDANT.—Where the attorney general has confessed manifest error in the instructions given to the jury upon the trial of a defendant accused of murder, the effect of the error cannot be overcome by filing certified copies of requests for instructions by the defendant, suggested to contain similar error, where the alleged requests are not authenticated as such in any manner that would entitle them to be considered as part of the record.

ID.—TRANSCRIPT UPON APPEAL—IMPROPER DUPLICATION OF INSTRUCTIONS.— Where the instructions are properly authenticated so as to be part of the judgment-roll, they ought not to be duplicated by insertion in a bill of exceptions. There should be only one insertion in the record of instructions properly authenticated.

ID.—CONVICTION FOR MURDER—SUFFICIENCY OF EVIDENCE—QUESTION FOR JURY.—Where there are circumstances in evidence indicative of the guilt of the defendant, and others of an opposite tendency, and the opinions of the medical witnesses were conflicting, the question of the guilt or innocence of the defendant is for the jury to determine.

ID.—MOTION TO SET ASIDE INFORMATION—COMPLAINT BY DISTRICT ATTORNEY—CURE OF DEFECT.—A motion will not lie to set aside the information for murder after the defendant has been held to answer as the result of a preliminary examination, on the ground that the district attorney who filed the complaint had no personal knowledge of the facts of the homicide.   Any imperfections in the complaint are cured, where the evidence taken by the magistrate warrants an order holding the defendant to answer.

ID.—MOTION IN ARREST OF JUDGMENT.—A motion in arrest of judgment can only be made for defects appearing upon the face of the indictment or information.

CXXVII. CAL.—35

ID.—IMPROPER CROSS-EXAMINATION BY DISTRICT ATTORNEY.—The cross-examination of a witness for the defendant who had made previous statements to the district attorney in conflict with the testimony given, must be confined to the question of such conflict on material points; and it is error for the court to permit the district attorney to read portions of the statement made to him, having no relation to the testimony given, and to cross-examine the witness thereon, to the prejudice of the defendant.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. N. A. Dorn, Judge. ·

The facts are stated in the opinion of the court.

B. V. Sargent, for Appellant.

W. F. Fitzgerald, Attorney General, W. H. Anderson, Assistant Attorney General, and Tirey L. Ford, Attorney General, for Plaintiff.

BEATTY, C. J.—Defendant was convicted of murder in the second degree, and appeals from the judgment and from an order denying his motion for a new trial. The assignments of error upon the rulings of the trial court are very numerous, and the attorney general confesses that several of them are well founded. In view of this confession of error we deem it unnecessary to enter upon a particular discussion of many of the points presented in the brief and argument on the part of the appellant. We will, however, advert briefly to some matters involved in the further proceedings to be taken in the case.

The attorney general, among other things, admits that the trial judge, in his charge to the jury, misstated the law applicable to the case in several particulars. In consequence of this admission, the district attorney of the county where the conviction was had asked leave to amend the record here by filing certified copies of certain instructions alleged to have been given at the request of the defendant, and which, it is suggested, contain the same propositions which are complained of in the charge of the court. We do not find that this suggestion is borne out by a comparison of the two sets of instructions, but if it were we could not take notice of the fact, for the reason that these alleged requests to charge are not authenticated in

any manner that would entitle them to be treated as a part of the record. They are not included in any bill of exceptions. Not one of them bears the signature of the trial judge, and they do not purport to have been requested by anyone. The provisions of the Penal Code, sections 1127, 1176, 1207, and the numerous decisions of this court construing them, and the corresponding sections of the old criminal practice act, point out very plainly the mode of authenticating the charge of the court and the requests to charge with the rulings thereon, so as to make them a part of the record. These directions of the statute should be observed, for otherwise the charge of the court, and the requests to charge, whether allowed or refused, can only become a part of the record by being incorporated in a bill of exceptions. In this case the alleged requests to charge are not authenticated in either of the methods prescribed by the statute.

The condition of this record gives occasion to advert to a fault of practice, by no means uncommon, which is productive of unnecessary expense and inconvenience. It very frequently happens that the entire charge of the court—both that which the court has given of its own motion and the requests to charge—are inserted in the record twice, once as a part of the judgment-roll under section 1207 of the Penal Code, and again as a part of the defendant's bill of exceptions. We would suggest that if the charges are properly authenticated, as they should be, and thus become a part of the judgment-roll, there is no more propriety in setting them out again at large in the bill of exceptions than there would be in putting the indictment or information, minutes of the plea and of the trial, and judgment in the bill of exceptions. When anything is properly in the record once, it is worse than useless to repeat it in a bill of exceptions, for the only result is to cumber the transcript with useless matter, making it more inconvenient to examine, and imposing an unnecessary expense upon the counties for printing. In this case the charge of the court, which is very lengthy, is printed in the transcript no less than three times—once as a part of the judgment-roll, where for lack of authentication it was not entitled to be placed, and twice in the bill of exceptions, where one insertion would seem to have been sufficient.

Returning from this digression to the matters urged by the

appellant as grounds for reversal of the judgment, it will be sufficient for the purposes of this opinion to make a very general statement of the facts of the case. The defendant was accused of the murder of his wife's sister. The deceased was an epileptic, and subject to very violent attacks, followed by several hours of stupor or insensibility, and was peculiarly liable to such attacks when under the influence of alcohol, a condition in which she was not infrequently found. About 10 o'clock in the evening, after drinking more or less whisky, she and the defendant, who was also partially intoxicated, entered a buggy and drove to a saloon where they obtained another bottle of whisky, with which they departed. At 3 o'clock next morning the defendant drove up to his house with the dead body of the deceased by his side, her head being against his breast and partly covered by a buggy robe. Her clothes were torn and disarranged, and there were evidences that she had been in a struggle on the ground. To his wife and others who were then present the defendant at that time offered no particular explanation of what had occurred, merely insisting that the woman was drunk and not dead. Subsequently, he stated that, after procuring the whisky at the saloon, his sister in law had proposed a moonlight drive; that she held the reins and was driving along a country road when she suddenly fell out of the buggy. He got out and attempted to lift her back into her seat, but she struggled and resisted, and he was unable to do so. Becoming exhausted he fell asleep. When he woke up he made another effort, succeeded in getting the woman back in the buggy, and, the night being cold, drew the buggy robe over her. The theory of the defense was that deceased fell from the buggy in an epileptic fit brought on by intoxication, and that she died in consequence of the fit, or was, perhaps, suffocated by the buggy robe while in the condition of stupor following the convulsion. The theory of the prosecution seems to have been that she was strangled by defendant while making a felonious assault upon her. An autopsy revealed appearances which, according to some of the medical testimony, indicated strangulation. Other experts testified, in effect, that there was nothing in such appearances inconsistent with the theory that she died from the effects of the epileptic fit, or from slow suffo-

cation by the buggy robe. Aside from the medical testimony there were several circumstances, some of which may have had a tendency to sustain the theory of the prosecution, while others were of an opposite tendency. Many witnesses testified to the good reputation of the defendant for peace and quiet, honesty, and integrity.

Such being the case, we cannot sustain the contention of the defendant that the evidence was wholly insufficient in law to support the verdict. The case was one proper to be submitted to the jury, and, if the rulings of the court in other respects had been free from error, the judgment would have to be affirmed.

Neither did the court err in overruling the motions of defendant to set aside the information and in arrest of judgment.

The ground upon which these motions were based was the alleged fact that the district attorney, upon whose sworn complaint the defendant was arrested and examined before the committing magistrate, had no personal knowledge of the facts of the homicide.

The case of *Ex parte Dimmig*, 74 Cal. 164, is cited by appellant in support of his assignments of error respecting this matter. The decision in that case has no application to a motion to set aside an information or in arrest of judgment. When a charge of this kind has been examined by a magistrate, and the evidence taken at the examination warrants an order holding the defendant to answer, the imperfections of the complaint, if any, are cured, and the commitment is legal. As to the motion in arrest of judgment, that can be based only upon defects appearing upon the face of the indictment or information. (Pen. Code, secs. 1012, 1185.)

But the court did commit an error gravely prejudicial to the rights of defendant in permitting the district attorney to pursue the course of cross-examination he adopted with respect to the wife of the defendant. It seems that a few days after the death of her sister the wife of defendant visited the office of the district attorney and made a long statement, partly hearsay, about the circumstances surrounding her sister's death and her own troubles and differences with defendant. At the trial she was a witness for the defendant, and some of her testimony was

at variance with portions of her previous statements to the district attorney. It was entirely proper, of course, in laying a foundation for impeachment to question her as to those parts of her previous statement which were in conflict with material portions of her testimony at the trial. But the court permitted the district attorney to read portions of her statement and question her as to their correctness, which had no relation to her testimony at the trial, and several of which contained matters wholly immaterial and irrelevant and only calculated to prejudice the jury against the defendant. It is not necessary to go into a detailed statement of the particulars in which this cross-examination exceeded proper limits. For the guidance of the court in case of a new trial it is sufficient to say that, if the wife of defendant is again a witness in his behalf, her previous statements can be laid before the jury only so far as they are in conflict with her testimony on material points.

The errors in the charge of the court being confessed, it is unnecessary to specify or review them, as they are not likely to be repeated on a new trial.

The judgment and order appealed from are reversed and cause remanded.

Temple, J., McFarland, J., Van Dyke, J., and Henshaw J., concurred.