[Crim. No. 1085. In Bank.—May 11, 1904.]

# THE PEOPLE, Respondent, v. LEE LOOK, Appellant.

CRIMINAL LAW—INFORMATION—COMMITMENT—COMPLAINT FOR ARREST.—An information is based on the commitment, and not on the complaint for arrest, and when it accords with the commitment the insufficiency of the original complaint or deposition to justify the warrant of arrest is immaterial, and cannot justify the setting aside of the information.

ID.—DUTY OF MAGISTRATE.—It is the duty of the committing magistrate to hold the defendant to answer for the offense proved, whatever may have been the offense charged.

ID.—DEMURRER TO INFORMATION—APPEAL—REVERSAL OF JUDGMENT AND ORDER—NEW TRIAL—NEW INFORMATION.—Where, as the result of a former appeal, the judgment and order denying a new trial were reversed, with instructions to the court to sustain a demurrer to the information, a new trial may be had under a new information. The rule that a new trial cannot be had unless expressly ordered by this court only applies to an appeal from the judgment; but the reversal of an order denying a new trial is in effect the ordering of a new trial.

ID.—NEW INFORMATION — MISNOMER — "AMENDED INFORMATION."—An information ordered by the court to be filed under section 1008 of the Penal Code, upon the sustaining of a demurrer to the original information, is a new information, and the fact that it is misnamed

"Amended Information" by the district attorney cannot affect its character.

ID.—PLEAS OF FORMER ACQUITTAL AND JEOPARDY.—The defendant upon whose appeal a judgment of conviction and an order denying a new trial were reversed, and whose demurrer to the information was sustained upon such appeal, is not entitled to plead a "former acquittal" or "once in jeopardy" to a new information ordered by the court.

ID.—TIME OF FILING OF NEW INFORMATION—CONSTRUCTION OF CODE.—The provision of section 809 of the Penal Code, requiring an information to be filed within thirty days after being held to answer, has no reference to the time of filing of the new information directed by the court after a demurrer sustained to the first information.

APPEAL from a judgment of the Superior Court of Santa Clara County. S. F. Leib, Judge.

The facts are stated in the opinion of the court.

A. H. Jarman, for Appellant.

U. S. Webb, Attorney-General, George A. Sturtevant, Deputy Attorney-General, and J. H. Campbell, District Attorney, for Respondent.

McFARLAND, J.—The defendant was convicted of murder in the first degree, and judgment was pronounced against him imposing the penalty of death. He appeals from the judgment.

The appellant had been convicted of the crime on a former trial, and upon appeal to this court the judgment then rendered and the order denying his motion for a new trial then made were reversed, and the court below was directed to sustain appellant's demurrer thereto. (*People* v. *Lee Look*, 137 Cal. 590.) When the *remittitur* went down the court made an order sustaining the demurrer, and then made an order, under section 1008 of the Penal Code, that a new information be filed. Thereupon the district attorney filed a new information, under which the trial out of which this present appeal arises was had.

There is no contention that any error was committed in the conduct of the said trial; but appellant contends that for certain reasons there should have been no second trial, and

that he should have been discharged. This contention is not maintainable.

1. The appellant moved to set aside the information on the ground "that before the filing thereof said defendant had not been legally committed by a magistrate"—in accordance with the procedure prescribed in section 995 of the Penal Code; and he contends that the court erred in denying the motion. This motion was based on the contention that a certain document—whether it be called an "information," a "deposition," or a "complaint"—which was originally lodged with the committing magistrate, and upon which the warrant of arrest was issued and the preliminary examination instituted, was defective in that it did not contain a legal charge of murder, or of any other crime. This document is in the form of an affidavit, in which the deponent states that a felony had been committed by appellant at a certain time and place, and proceeds to state facts evidently intended to show that the felony charged was murder. It is contended that the facts stated do not constitute a legal definition of murder; but, assuming that to be so, the appellant could have availed himself of the defect only while he was held under the warrant of arrest founded on the affidavit. And then the objection to the document would have been, not that it was defective as a pleading, but that it did not contain sufficient evidence to justify a warrant of arrest; for the latter must be founded on evidence showing, or tending to show, the commission of a crime. Sections 811, 812, and 813 of the Penal Code, provide that when an information is laid before a magistrate of the commission of a public offense he must examine on oath the informant and such witnesses as he may produce, and take their depositions, and if he is satisfied "therefrom" that the offense has been committed, and that there is reasonable ground to believe that the defendant committed it, he must issue the warrant of arrest; and in *Ex parte Dimmig,* 74 Cal. 164,—cited on both sides in the case at bar,—the court say: "Under these provisions, a magistrate has no jurisdiction to issue a warrant of arrest without some evidence tending to show the guilt of the party named in the warrant." And in that case the petitioner was discharged because he was held under the warrant of arrest alone, which had been issued without evidence to justify it. There had been no commit-

ment, nor an information founded on a commitment. But in the case at bar, two years before the motion to dismiss now under consideration was made, the preliminary examination had been held, at which a large amount of testimony had been taken which showed, or strongly tended to show, that appellant had been guilty of murder, and the magistrate had committed him for the crime of murder, and the commitment was in due and sufficient form. The information in this case is based not on the said deposition, or ''complaint,'' if that word be preferred, but on the commitment; and under these circumstances the question of the sufficiency of the said deposition to justify the original warrant of arrest is of no consequence. (*People* v. *Smith,* 1 Cal. 9; *People* v. *Velarde,* 59 Cal. 458; *People* v. *Wheeler,* 65 Cal. 77; *People* v. *Staples,* 91 Cal. 23; *People* v. *Dolan,* 96 Cal. 315; *People* v. *Sehorn,* 116 Cal. 507; *People* v. *Cole,* 127 Cal. 545.) These cases, as well as others that might be cited, fully sustain the view above stated. It is not necessary to quote from them at length; one or two quotations will be sufficient. In *People* v. *Côle,* 127 Cal. 545, the court in Bank said: ''When a charge of this kind [murder] has been examined by a magistrate, and the evidence taken at the examination warrants an order holding the defendant to answer, the imperfections of the complaint, if any, are cured, and the commitment is legal.'' In *People* v. *Staples,* 91 Cal. 23, the court, also in Bank, said: ''Even if the offense charged in the information was, as claimed, totally different from that laid in the complaint, it would not affect the sufficiency of the information, since, as we have seen, the information does not depend on the complaint, but upon the commitment, and it does not appear that the order of commitment differed in any respect from the information. It is not claimed, and it cannot be, that the commitment must follow the complaint, for the statute and the decisions of this court are directly to the contrary. It is the duty of the magistrate to hold the defendant to answer for the offense proved, whatever may have been the offense charged. (Pen. Code, sec. 872; *People* v. *Wheeler,* 73 Cal. 255.)'' In *People* v. *Velarde,* 59 Cal. 457, afterwards affirmed in Bank, the court said: ''The defendant moved the court below to set aside the information, because the affidavit upon which the warrant of arrest was issued was not

sufficient to give the court issuing it jurisdiction. The motion was properly denied. The object of the statute in providing for the issuance of a warrant of arrest is that the defendant may be brought before the committing magistrate, and when he is once there, and an examination of the case is had in pursuance of the terms of the statute, and the defendant is held to answer, a foundation is laid for the filing of an information by the district attorney. The regularity of the proceeding by information did not therefore depend in any manner upon the affidavit on which the warrant of arrest was issued, and had no connection with it.'' If there be anything inconsistent with these views in the two Department cases of *People* v. *Christian,* 101 Cal. 471, and *People* v. *Howard,* 111 Cal. 655, cited by appellant, they must be considered, so far as they are thus inconsistent, as overruled by the other cases above cited. It may be observed that the question whether the district attorney can properly file an information for some offense other than the one for which the magistrate had committed the defendant—about which there has been some difference of opinion—does not arise here; the information in the case at bar charges the crime stated in the commitment.

2. It is contended that, under section 1262 of the Penal Code, the defendant should have been discharged, because on the former appeal a new trial was not expressly ordered by this court; but that rule applies where there is only a reversal of the judgment. On appeal from an order denying a new trial a judgment here reversing the order is in effect the ordering of a new trial. (*People* v. *Hardisson,* 61 Cal. 378.)

3. Appellant objects to the second information upon the ground that it is an ''amended information,'' and that there is no room for such a document in our system of criminal pleading. But the pleading in question is not an amended information. It is true that the pleader wrote above the commencement of the document the words ''Amended Information,'' but it was in fact a ''new'' information, and its character would not have been changed by any name with which the fancy of the pleader might have labeled it.

4. The appellant was not injured by the refusal of the court to allow him to interpose the pleas of ''former acquittal'' and ''once in jeopardy''; there was no foundation

for either of such pleas. There is nothing in the point that the second information was not filed within thirty days after appellant was held to answer. The provision of section 809 of the Penal Code has no reference to the new information which may be directed by the court after a demurrer sustained to the first information. The demurrer to the new information was properly overruled, and there are no other points which need discussion.

The judgment appealed from is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J., Henshaw, J., Lorigan, J., and Beatty, C. J., concurred.

Rehearing denied.