[Crim. No. 35.   Third Appellate District.—May 28, 1907.]

THE PEOPLE, Respondent, v. AMADEO BIANCHINO, Appellant.

CRIMINAL LAW—RAPE—MOTION TO SET ASIDE INFORMATION—LEGALITY OF COMMITMENT.—Where the only ground of a motion to set aside an information for rape was that the defendant was not legally committed by a magistrate, evidence of a commitment indorsed on the complaint and signed by the committing magistrate, stating that "it appearing to me the offense, to wit, felony rape, in the within complaint mentioned has been committed and there is sufficient cause to believe the within Amadeo Bianchino guilty thereof, I order that he be held to answer the same," etc., shows an order in strict accord with the requirement of section 872 of the Penal Code.

ID.—VARIANCE NOT URGED—VARIANCE IN DATE UNIMPORTANT.—Where no ground of variance in the description of the offense was urged upon the motion, it cannot be considered as a ground thereof. But where it appears that only one offense was committed, a mere variance in the date thereof between the complaint and information is unimportant.

ID.—EVIDENCE—RAPE OF CHILD—REMOTENESS OF COMPLAINT —INFECTION OF VENEREAL DISEASE.—Where the rape was committed upon a child five years of age who was incompetent to testify, and the child became infected with a venereal disease as the result of the rape, the complaint of pain by the child, and as to the cause of it, was not too remote under the circumstances. The rule of corroboration does not apply where the child is of too tender an age to testify.

ID.—REFUSAL TO ALLOW DEFENDANT'S PHYSICIAN TO EXAMINE CHILD— HARMLESS RULING.—Held, that the refusal of the court to allow defendant's physician to examine the child was harmless in view of the facts.

ID.—ORDER OF PROOF—CORPUS DELICTI—DISCRETION.—The order of proof is largely within the discretion of the court. The *corpus delicti* should ordinarily be shown first; but unless it clearly appears that defendant was prejudiced by a ruling permitting other evidence before the *corpus delicti* was established, such ruling will not justify a reversal.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. C. Webster, for Appellant.

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, and J. Charles Jones, for Respondent.

BURNETT, J.—Defendant was convicted of the crime of rape, alleged to have been committed on the person of Annie Lertora, a child of the age of five years, and was sentenced to a term in the state prison at Folsom. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

1. It is contended that the court erred in denying the motion of defendant to set aside the information. The motion was as follows: "Now comes the defendant in the above entitled action, and moves the court to set aside the information on file herein on the ground that before the filing thereof, he, the said defendant, had not been legally committed by a magistrate." The evidence, however, introduced in support of the motion, proves to the contrary that the defendant *was legally committed by the magistrate.* The order indorsed on the complaint or deposition and signed by the committing magistrate is as follows: "It appearing to me that the offense, to wit, Felony, Rape, in the within complaint mentioned has been committed and there is sufficient cause to believe the within Amadeo Bianchino guilty thereof, I order that he be held to answer the same," etc.

The foregoing order seems to be in strict accord with the requirement of section 872 of the Penal Code, which provides that "The magistrate must make or endorse on the complaint an order signed by him to the following effect:

It appearing to me that the offense in the within complaint
mentioned (or any offense, according to the fact, stating gen-
erally the nature thereof) has been committed, and that there
is sufficient cause to believe the within named A. B. guilty
thereof, I order that he be held to answer to the same.''

It will be observed that the magistrate designated the of-
fense as ''felony, rape,'' thereby describing it generally as
he is permitted to do, under the statute. He made it more
definite, however, by stating that it was the ''rape mentioned
in the within complaint.'' It was such an order as the
statute contemplates, and it afforded authority for the dis-
trict attorney to file an information in the superior court.
But it is contended that the district attorney filed an in-
formation charging a different offense from that for which
defendant was held to answer, and therefore the motion
should have been granted. The motion, as we have seen,
did not raise the point, as it was based upon the ground that
the defendant had not been legally committed at all, and
not that he had not been committed for the offense charged
in the information. A defendant should be required, in a
technical matter of this character, to stand or fall upon the
ground that he has deliberately chosen, and the law should
impose upon him also the duty of pointing out in his mo-
tion the particular defect upon which he relies in order that
the district attorney, if he deems it advisable, may amend
the information and thereby avoid the danger and expense
of a mistrial. If he fails to do so in a case like the one at
bar, where the only point involved in the motion is an ap-
parent variance between the date of the offense as it appears
in the order and as shown by the information, he should be
precluded from raising the question in any subsequent pro-
ceeding. However, assuming that the issue is properly be-
fore us, it must be held that the information does not charge
a different offense from that recited in the order of commit-
ment. There can be no pretense that the investigation before
the committing magistrate and in the superior court con-
cerned more than one offense. The evidence disclosed only
one act of criminal intercourse, and the only variance be-
tween the commitment and the information relates to the
particular date of the commission of the crime. This va-
riance, however, is unimportant when it is apparent that only
one offense was committed.

The same rule should apply here as in the case of a variance between the evidence at the trial and the allegations of the information as indicated by section 955 of the Penal Code, which provides that: "The precise time at which the offense was committed need not be stated in the indictment or information, but may be alleged to have been committed at any time before the finding or filing thereof, except where the time is a material ingredient in the offense."

If the contention of appellant should prevail we would have this singular situation: The district attorney will be required to file another information alleging that the offense was committed on or about the ninth day of March, when he knows that the evidence will disclose that it was committed on or about the first day of February. In other words, because the magistrate has committed a mistake in the date of the offense the district attorney must allege an error before he can be permitted to establish the true date. This, of course, is unreasonable. There is nothing in any of the cases cited opposed to our view. In *People* v. *Lee Look,* 143 Cal. 216, [76 Pac. 1028], it is held, as stated in the syllabus: "An information is based on the commitment and not on the complaint for arrest and it is the duty of the committing magistrate to hold the defendant for the offense proved whatever might have been the offense charged."

*People* v. *Warner,* 147 Cal. 546, [82 Pac. 196], is to the same effect and cites with approval the Lee Look case. In *People* v. *Nogiri,* 142 Cal. 596, [76 Pac. 490], it was held that the motion to set aside the information should have been granted, but the magistrate held the defendant for assault with a deadly weapon and the district attorney charged the defendant with the crime of assault with intent to commit murder—a totally distinct offense.

2. It is complained that the testimony of witnesses for the prosecution was allowed, over defendant's objection, to the effect that the child, Annie Lertora, made complaint some time after the injury to her. Two grounds for this objection were urged—first, that the complaint was too remote from the time of the occurrence, and, second, that as the child did not testify it was error to allow any testimony as to a complaint made by her. The date of the alleged injury is not definitely fixed, but was, according to the evidence and defendant's admission, some time in January, 1906, toward

the latter part of the month. Witness Stratton, the family physician, was called to treat the child on February 5, 1906, and found the involved parts much inflamed and somewhat lacerated, and a few days later discovered that the child was infected with a venereal disease. It was shortly before and after February 5th that the complaints referred to were made, some of which were voluntary, and others after the child was questioned by the witnesses. The court seems to have been careful to keep within the rule in this class of cases, and so far as we can discover the complaints were not too remote under the circumstances. The child was too young to be fully conscious of anything wrong in the act, or to experience any sense of shame, and, considering the relations of defendant to the family and his familiarity with the child, she may not have comprehended the nature of the act or thought of complaining earlier than she did. When the disease developed and she found herself suffering additional pain the complaint was naturally renewed. The more serious question is as to the admissibility of the complaint, inasmuch as the child did not testify at all in the case. The evidence is admissible as corroborative of the testimony of the prosecuting witness, and the authorities generally hold that, unless the prosecuting witness testifies, her complaint is mere hearsay and inadmissible. Our supreme court seems to have considered that the rule does not apply where the child is of too tender an age to testify. (*People* v. *Figueroa*, 134 Cal. 159, [66 Pac. 202].) We feel bound by this decision to sustain the ruling of the lower court.

3. Defendant moved the court for the appointment of a physician to examine the child. The motion was denied and defendant excepted. If the court had made the order it is difficult to see how it could have compelled an examination if the mother or child had objected. But assuming that authority existed to make the order and that it could have been rendered effective, we cannot say that the denial of the application resulted in prejudice, as the result of another examination might have been unfavorable to defendant. Besides, there is nothing to show that the defendant could not have had the child examined by any physician that he might select.

4. The testimony of the witness Stratton as to the physical condition of the child was objected to on the ground that the

*corpus delicti* had not been shown. The order of proof is largely within the discretion of the court. The *corpus delicti* should first be shown ordinarily, but unless it clearly appears that the defendant was prejudiced thereby, a ruling permitting other evidence before the *corpus delicti* is established will not justify a reversal of the judgment. (*People v. Jones,* 123 Cal. 65, [55 Pac. 698].)

Some other alleged errors are assigned, but we find nothing in any of them to demand a reversal of the judgment. No exception was taken to certain rulings of which complaint is made and they therefore cannot be considered.

We cannot say as a matter of law that the evidence is insufficient to support the judgment.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 27, 1907.