[Crim. No. 69. Third Appellate District.—September 9, 1908.]

THE PEOPLE, Respondent, v. ORRIN C. GREGORY, Appellant.

CRIMINAL LAW—BASIS OF INFORMATION—MOTION TO SET ASIDE—COMPLAINT BEFORE MAGISTRATE NOT REVIEWABLE—FUNCTUS OFFICIO.—The information in a criminal action is based upon the commitment for the offense charged, after preliminary examination by the magistrate, and not upon the complaint before the magistrate, which is *functus officio* after the commitment, and cannot be reviewed or considered upon a motion to set aside the information, however defective or invalid it may be, and notwithstanding it should have been set aside had motion been made to that effect, before the preliminary examination and commitment.

ID.—CHARGE OF LEWD AND LASCIVIOUS ACT UPON CHILD—FORM OF COMMITMENT—GENERAL DESIGNATION OF OFFENSE.—The designation of the offense charged in the order of commitment as ''the offense of committing a lewd and lascivious act upon the body of a child under the age of fourteen years,'' etc., shows generally the nature of the offense named in section 288 of the Penal Code, which is a sufficient compliance with the requirements of section 872 of the Penal Code, as to the form of such order.

ID.—MOTION FOR DISCHARGE FOR FAILURE OF TRIAL WITHIN SIXTY DAYS—PROCEEDINGS NOT IN BILL OF EXCEPTIONS.—The proceedings upon a motion of the defendant for discharge from custody because not tried within sixty days after the filing of the information, which are not authenticated in a bill of exceptions, as required by rule xxix of the supreme court, cannot be reviewed upon appeal.

ID.—REMARKS OF COURT—VOLUNTARY DEPARTURE OF SPECTATORS—SENSE OF DECENCY—DEFENDANT NOT PREJUDICED.—The voluntary departure of spectators from the trial, in view of the remarks of the court that nothing would be testified to that any right-minded person would desire to hear, while expressly disavowing power to order them

to leave, must be deemed due to their commendable sense of decency, which alone deprived defendant of his privilege of having the public listen to the testimony tending to prove flagrantly indecent facts and acts against him.

ID.—COMPETENCY OF CHILD AS WITNESS—DETERMINATION BY COURT NOT DISTURBED.—It appearing that the child was under ten years of age at the time of the alleged offense, and the court having examined her to determine her competency, and having decided in favor of the admissibility of the child's testimony, its ruling will not be disturbed upon appeal.

ID.—PERMISSION OF LEADING QUESTIONS—DISCRETION.—Held, that, under the circumstances appearing, the court did not abuse its discretion in allowing certain leading questions to be put to the child, who was evidently unfamiliar with court proceedings, and needed to be led somewhat to tell all the revolting circumstances of the offense, the preparation for which she had voluntarily testified to without suggestion.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—ASKING DOUBTFUL QUESTIONS NOT PREJUDICIAL—SUBMISSION TO RULING.—The mere asking of a question by the district attorney, the legal propriety of which is doubtful, is not prejudicial to the defendant, and does not constitute misconduct when, upon objection sustained thereto, the district attorney submitted to the ruling, and proceeded no further in the matter.

ID.—JUDGMENT—DESCRIPTION OF OFFENSE.—It is not necessary to describe the offense in the judgment with the technical precision and nicety required in the information, and it may be referred to therein under its generic designation without setting forth the intent with which the lewd and lascivious act therein described was done. It is sufficient that there can be no difficulty in determining from the description of the offense set forth in the judgment that it falls within the general terms of section 288 of the Penal Code, under which the defendant was convicted, and that the punishment imposed is within the penalty therein prescribed.

ID.—SUPPORT OF VERDICT—TESTIMONY OF CHILD.—The testimony of the child, as prosecutrix, is sufficient to support the verdict of guilty of the offense charged.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

M. J. Cheatham, and N. A. Gernon, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HART, J.—The defendant was convicted of the crime of "committing a lewd and lascivious act upon and with the body of a child under the age of fourteen years," and was thereupon sentenced by the court to serve a term of ten years in the state penitentiary.

The testimony discloses that the person upon whom the offense is charged to have been committed is the minor daughter of the accused. The evidence also shows that the alleged crime was perpetrated a trifle over a year prior to the making of the order by the magistrate holding the defendant to trial, and that at that time the child with whom the alleged act was committed was nine years of age.

1. The defendant moved to set aside the information filed against him in the superior court by the district attorney on the ground that before the filing of the same he "had not been legally committed by a magistrate." The bill of exceptions shows that said motion was made on the complaint filed before the magistrate and upon which the warrant for the arrest of the accused was issued, the order of commitment and two affidavits made by the defendant. One of these affidavits alleges that Orra Gregory, who swore to the complaint before the magistrate charging the defendant with the crime for which he was committed and of which he was informed against by the district attorney, was, at the time said complaint was so sworn to, the wife of the accused. The other, presumably offered as a basis for a motion for a continuance of the preliminary hearing, set forth that the accused was too ill to intelligently and understandingly proceed with said examination at the time the same was called and heard.

It is obvious that if the magistrate, before making the order committing the accused and before taking any testimony in support of the charge, had been informed in a proper manner of the alleged fact that the party swearing to the complaint was, when said complaint was sworn to, the wife of the defendant, his plain duty under the law would have been to dismiss said complaint, it not appearing that the depositions of any other witnesses were taken by the magistrate before the issuance of the warrant. (Pen. Code, sec. 1322.) But we think the question presented is not reviewable on a motion to set aside the information. The information is not based on the deposition or complaint upon which the warrant was is-

sued, but upon the commitment. In the case of the *People* v. *Lee Look,* 143 Cal. 219, [76 Pac. 1028], it is said: ". . . But in the case at bar, two years before the motion to dismiss now under consideration was made, the preliminary examination had been held, at which a large amount of testimony had been taken which showed, or strongly tended to show, that appellant had been guilty of murder, and the magistrate had committed him for the crime of murder, and the commitment was in due and sufficient form. The information in this case is based not on the said deposition, or 'complaint,' if that word be preferred, but on the commitment; and under these circumstances the question of the sufficiency of the said deposition to justify the original warrant of arrest is of no consequence." (Citing *People* v. *Smith,* 1 Cal. 9; *People* v. *Velarde,* 59 Cal. 458; *People* v. *Wheeler,* 65 Cal. 77, [2 Pac. 892]; *People* v. *Staples,* 91 Cal. 23, [27 Pac. 523]; *People* v. *Dolan,* 96 Cal. 315, [31 Pac. 107]; *People* v. *Sehorn,* 116 Cal. 507, [48 Pac. 495]; *People* v. *Cole,* 127 Cal. 545, [59 Pac. 984].)

The case of *Ex parte Dimmig,* 74 Cal. 164, [15 Pac. 619], was where the petitioner had been arrested on a warrant issued by the magistrate upon a deposition or "complaint" which had been sworn to on information and belief, and the crime therein charged against the accused was unsupported by any other depositions containing competent evidence bearing upon said crime or connecting the petitioner with the commission thereof. The petitioner was discharged upon *habeas corpus* because his arrest was under a void warrant, but his discharge was ordered before any hearing had been had or commitment made or information filed. In the case at bar, as we have seen, the defendant was committed after a preliminary hearing, and, while the character and the extent of the testimony upon which the commitment was founded do not appear, the presumption is that it was in all respects legally sufficient. In any event, the commitment alone is the basis of the information, and if, upon its face, it was regular and charged an offense of which the superior court has triable jurisdiction, the fact, if it be a fact, that the accused might have been taken into custody and before the magistrate for preliminary hearing without authority of law cannot be reviewed on a motion to set aside the information, because after the charge has been examined by a magistrate and the evi-

dence taken, and the examination warrants the commitment of the defendant for trial, the imperfections of the "complaint" are cured. (*People* v. *Cole,* 127 Cal. 54ᴜ, [59 Pac. 984]; *People* v. *Warner,* 147 Cal. 548, [82 Pac. 196].) In other words, the deposition or "complaint," which is authority for the issuance of the warrant of arrest, is *functus officio* after the examination of the charge and the taking of testimony and the commitment of the accused, and, as the supreme court says, is of no consequence on a motion to set aside the information.

2. There is no merit in the contention of appellant that the offense for which he was committed was not properly designated or described in the commitment. The order committing the defendant, in. part, is as follows: "It appearing to me that the offense of committing a lewd and lascivious act upon the body of a child under the age of fourteen years has been committed," etc. Thus, and by reference to section 288 of the Penal Code, defining the crime, it will be seen that the commitment designates the offense generally, and this meets the requirements of section 872 of the Penal Code. (*People* v. *Bianchino,* 5 Cal. App. 633, [91 Pac. 112].)

3. The point urged by counsel for appellant in his brief that the court below should have granted an alleged motion by defendant that he be discharged on the ground that he had not been brought to trial within sixty days after the filing of the information cannot be reviewed, for the reason that said motion and the proceedings thereon are not authenticated in a bill of exceptions. (*People* v. *Ruiz,* 144 Cal. 251, [77 Pac. 907].) The grounds of the motion and all the proceedings had thereon, the ruling of the court on the motion and the exception to the ruling, if any be taken by the defendant, must be authenticated as required by rule xxix of this court [144 Cal. lii, 64 Pac. xii, in order to authorize this court to consider and review said ruling.

4. After the jury had been selected and sworn to try the case, and before the taking of testimony was begun, the assistant district attorney suggested that, owing to the revolting nature of the offense with which the defendant was charged, there would necessarily be introduced testimony disclosing the disgusting acts constituting the crime of which the defendant was accused, and that, therefore, the court-room should be cleared of all spectators. The defendant's

counsel objected to such an order, and the judge thereupon said that if he had the power he would take great pleasure in excluding all persons from the courtroom during the trial, but that the court had no such power, and to do so would be error. The judge then concluded as follows: "I deem it proper to say, however, that there will be nothing testified to in this case, in my judgment, that any right-minded person would desire to hear, and while I can't order anybody from the courtroom, I certainly make the statement for their benefit, and leave it to them to do as they please." To this statement the defendant took an exception.

In his oral argument and in his brief counsel for the defendant urges that the injury resulting to the defendant from the court's remarks lay in the fact that the entire audience left the courtroom immediately after the remarks by the court, and that the effect of the court's statement was to deprive the defendant of his constitutional right to a public trial. The objection and exception to the court's statement upon that ground cannot be of any avail to the defendant. The court did not order the spectators to leave and remain from the courtroom during the trial, but explicitly declared that it had no power to do so. When the spectators withdrew from the room they certainly must have done so with a full understanding, from the remarks of the court, that they were not compelled under the law or the ruling of the court to retire. Whether they did or not, it is very plain that an order excluding spectators was not made by the court, and that if the defendant was deprived of the high constitutional privilege of having the public listen to the witnesses detail facts and circumstances tending to prove against him the commission of acts, the offensive and noxious odors from which would drive a pole-cat into bankruptcy, it was due less to the remarks of the court than to the commendable sense of decency with which the citizens of Red Bluff comported themselves with reference to the trial.

5. The defendant insists that the court erred in permitting, over his objection, the witness Mary Gregory, aged ten years, to testify, the specific contention being that she was, by reason of her age, an incompetent witness under the provisions of section 1880 of the Code of Civil Procedure. That section declares that "children under ten years of age, who appear incapable of receiving just impressions of the facts respect-

ing which they are examined, or of relating them truly,'' cannot be witnesses. It appears that the witness at the time the offense is alleged to have been perpetrated was under the age of ten years, and it is therefore claimed that, notwithstanding the fact that when she was called as a witness at the trial she was over the age of ten years, she was nevertheless a witness of the class referred to in said section 1880. There appears to be some force in that contention, yet, under the terms of the section, it was for the court to determine whether she was incompetent as a witness for the reasons therein mentioned. ''The burden is upon the person who objects to the child being a witness, to show that he is incapable, and the determination of the judge upon such objection, and examination of the child, is .not a matter for review any more than is his ruling upon the capacity of an adult who may be offered as a witness.'' (*People* v. *Craig,* 111 Cal. 469, [44 Pac. 186]. See, also, *People* v. *Welsh,* 63 Cal. 167, and *People* v. *Swist,* 136 Cal. 522, [69 Pac. 223].)˙ The court examined the witness to determine the question of her competency,˙ and, having found that she was competent, we cannot disturb the ruling.

6. We do not think that the court below abused its discretion in allowing certain leading questions to be put to the prosecutrix, who was, as seen, a mere child. The witness was no doubt without previous experience as a witness, except such experience as she acquired on the occasion of the preliminary examination, and was undoubtedly unfamiliar with court proceedings. In reply to a question by the district attorney not leading in form, the prosecutrix first stated: ''Well, papa told mama he was feeling bad, and he told her to go water the mules, and when he sent Alvin [her brother] down to the turkey's nest to get the eggs and caught ahold of my arm and dragged me around the corner of the house.'' What occurred thereafter was brought out by questions of rather a leading character. .But, considering the age and sex of the witness and the revolting circumstances to which she was required to testify, we can readily understand that it would have been with great difficulty that the facts and details of defendant's monstrous act could have otherwise been intelligently brought out. The examination of a witness in the trial of a case or the manner of such examination, particularly as to the form of the questions, is a matter committed to the

sound discretion of the trial judge, who must determine whether or not leading questions should be allowed in the examination of a particular witness from all the circumstances present and under his immediate observation. It is only where it clearly appears that the court has abused its discretion in the allowance of questions leading or suggestive in the form in which they are propounded that this court would be authorized to interfere by reviewing the objections and exceptions to such questions. (*Moran* v. *Abbey,* 63 Cal. 58; *People* v. *Goldenson,* 76 Cal. 328, [19 Pac. 161]; *People* v. *Harlan,* 133 Cal. 19, [65 Pac. 9].) We do not think that any abuse of discretion by the court below in the respect referred to is shown by the record.

7. The defendant, having been sworn and testified in his own behalf, was asked, on cross-examination by the district attorney, whether he had not "on several occasions endeavored to excite the passions of that little girl." The court sustained an objection to the question, saying that it was not proper to prove such misconduct. Counsel for defendant thereupon took an exception to the question and assigned it as prejudicial misconduct on the part of the district attorney. We do not know but that the question was proper and within the principles announced in *People* v. *Castro,* 133 Cal. 11, [65 Pac. 13]; *People* v. *Koller,* 142 Cal. 621, [76 Pac. 500], and *People* v. *Morris,* 3 Cal. App. 1, [84 Pac. 463]. It is at least, in our judgment, a debatable proposition whether the question was proper or not, and it certainly cannot be held that where a question is propounded to a witness calling for testimony the legal propriety of which may be shrouded in some doubt, and objection is sustained to such question, the mere asking of such question will constitute such misconduct upon the part of the prosecuting officer as to call for a reversal. Besides, the district attorney, after the court ruled the question out, did not persist in bringing out the testimony sought to be elicited by it, and the court's statement in ruling on the objection to the question to the effect that the testimony it called for was improper to go before the jury was enough to inform the triers that they were not privileged to draw an inference from the question unfavorable to the defendant. The case here upon this point is radically different from the case of *People* v. *Derbert,* 138 Cal. 467, [71 Pac. 564], where the district attorney persistently attempted

to get before the jury the fact that the defendant had once been arrested on another charge than that for which he was on trial after the court had repeatedly ruled against him and told him the testimony he was seeking to bring out was manifestly improper.

8. It is contended that the judgment is void because, while it recites that the defendant was convicted of the "crime of committing a lewd and lascivious act upon and with the body of a child under the age of fourteen years," it does not declare the intent with which such act was done. It is not necessary to describe the offense in the judgment, as the contention of counsel necessarily assumes, with the technical precision and nicety required in its statement in an information, and if the crime is referred to in the judgment under its generic designation, it is sufficient. "A recital in the judgment that the defendant was found guilty of the offense of gaming at tan as charged in the information is equivalent to the recital that the defendant was found guilty of gaming at tan by carrying on and conducting the same for money or its equivalent." (Syllabus, *People* v. *Sam Lung,* 70 Cal. 515, [11 Pac. 673]; *Ex parte Murray,* 43 Cal. 455.) The principal object of the requirement that the judgment shall contain in its recitals a proper description of the offense of which the defendant has been convicted and for which he is punished is to show that the court has remained within its jurisdiction in the matter of the admeasurement of the punishment inflicted. The judgment here recites that the defendant was convicted of the "crime of committing a lewd and lascivious act upon and with the body of a child under the age of fourteen years, committed upon the —— day of August, 1906," and further recites the fact of his arraignment and plea of "not guilty" and his conviction of said crime on the twentieth day of December, 1907. There can be no difficulty in determining from the judgment as thus described and by an examination of section 288 of the Penal Code the nature of the offense of which the defendant was convicted, and that the punishment imposed is within the penalty prescribed by said section.

The instructions embody a fair and correct statement of the law bearing upon the charge and the proven facts, and, while the testimony upon which a conviction was had is in

the main from the lips of the prosecutrix alone, it is sufficient to support the verdict.

Finding no prejudicial error in the record, the judgment and order are affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 2, 1908.