[Crim. No. 1161. Second Appellate District, Division Two.— March 17, 1925.]

## THE PEOPLE, Appellant, v. JOHN K. TIBBITTS, Respondent.

[1] CRIMINAL LAW—PRELIMINARY COMPLAINT—WAIVER OF OBJECTIONS. The preliminary complaint in a criminal proceeding is intended only as a basis for a warrant of arrest, and objections thereto must be taken while the defendant is being held under such warrant; and if taken after preliminary examination and commitment, they come too late, since the complaint is then *functus officio.*

[2] ID. — DEMURRER TO INFORMATION — GROUNDS. — The only legal grounds of demurrer to an information are, that the court has no jurisdiction of the offense charged therein; that the information does not substantially conform to the requirements of sec-

---

1. See 7 Cal. Jur. 964.
2. See 14 Cal. Jur. 83.

tions 950, 951, and 952 of the Penal Code; that more than one offense is charged, except as provided in section 954 of the Penal Code; that the facts stated do not constitute a public offense; or, that it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution; and the demurrer is required to specify the particular respect in which the information fails.

[3] ID.—OBJECTIONS TO PRELIMINARY COMPLAINT—DEMURRER TO INFORMATION.—A demurrer which purports to set up alleged fatal defects in the preliminary complaint, after waiver of preliminary examination and the filing of an information, does not constitute a demurrer to such information.

[4] ID.—LIBEL—SUFFICIENCY OF PRELIMINARY COMPLAINT—INFORMATION—VARIANCE—DEMURRER.—It is not necessary that a preliminary complaint shall charge the elements of an offense with all the technical nicety of an information; and an information charging libel which alleges the same facts that were presented by the preliminary complaint, though setting forth *in haec verba* and fully the newspaper article which admittedly was published by the defendant, does not state another or different offense, and such variance between the preliminary complaint and the information is not one of the grounds of demurrer specified in the statute.

[5] ID.—LIBEL OF DISTRICT ATTORNEY—SIGNATURE OF COMPLAINT AND INFORMATION.—The fact that a libel is directed at the district attorney does not prohibit him, as an individual, from signing and swearing to the preliminary complaint in the justice's court; and the objection that the subsequent information is signed by a deputy district attorney is not one which can properly be the ground of a demurrer.

[6] ID. — DEMURRER TO COMPLAINT—VOID SUPERIOR COURT ORDER.— Where a defendant is charged with libel, a high misdemeanor, and a preliminary examination is expressly waived by the defendant, whereupon he is bound over to the superior court, and no valid objection to the information is presented in the superior court, its action in attempting to nullify the proceedings before it upon the strength of a so-called demurrer, which merely alleges defects in the preliminary complaint, is void and ineffectual.

---

(1) 16 **C. J.**, p. 296, n. 96.   (2) 31 **C. J.**, p. 817, n. 87, p. 818, n. 9. (3) 31 **C. J.**, p. 818, n. 9.   (4) 16 **C. J.**, p. 293, n. 65; 31 **C. J.**, p. 820, n. 48 New.   (5) 16 **C. J.**, p. 289, n. 16; 31 **C. J.**, p. 625, n. 57, p. 818, n. 9.   (6) 31 **C. J.**, p. 821, n. 80.

APPEAL from an order of the Superior Court of San Bernardino County sustaining a demurrer to an information charging libel. Jesse Olney, Judge. Reversed.

---

4. See 7 **Cal. Jur.** 963.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and George H. Thompson, District Attorney, for Appellant.

O. N. Hilton and Otto Christensen for Respondent.

CRAIG, J.—The respondent was the owner and publisher of a newspaper in the county of San Bernardino, known as the "Labor Journal," which criticised the conduct of George H. Johnson, who was district attorney of said county. Respondent was arrested upon a preliminary complaint filed by Johnson with the justice of the peace of San Bernardino township, charging respondent with libel, a high misdemeanor. A preliminary examination was expressly waived by respondent, whereupon the committing magistrate bound him over to the superior court, and in due time a deputy district attorney filed with the latter court an information embodying the alleged libelous article. Respondent demurred, setting up as grounds thereof fifteen different asserted defects in the *preliminary complaint,* and as another ground he alleged that the information was based upon another and different offense from that charged in the complaint. His demurrer was sustained by the trial court, and this ruling forms the basis of the appeal here presented.

The demurrer, although demanding that "the complaint and information be set aside and held for naught," does not assign any ground upon which the information could be susceptible to demurrer under the provisions of section 1004 of the Penal Code. It alleges that the preliminary complaint failed to charge that a public offense had been committed, that it did not set forth the alleged libelous words according to their tenor, that the words alleged in said complaint to have been written and published were privileged, were not libelous *per se,* and that the superior court had no jurisdiction to try or determine the matter presented by said *complaint.*

The preliminary complaint in a criminal proceeding is merely an allegation in writing, signed by a person who knows the facts, charging that another has committed a

designated offense. (Sec. 806, Pen. Code.) **[1]** It is intended only as a basis for a warrant of arrest, and objections thereto must be taken while the defendant is being held under such warrant; and if taken after preliminary examination and commitment, they come too late, since the complaint is then *functus officio. (People* v. *Warner,* 147 Cal. 546 [82 Pac. 196]; *People* v. *Lee Look,* 143 Cal. 216 [76 Pac. 1028]; *People* v. *Cole,* 127 Cal. 545 [59 Pac. 984]; *People* v. *Storke,* 39 Cal. App. 633 [179 Pac. 527].)

**[2]** The only legal grounds of demurrer to an information are those specifically enumerated in the statute. (*People* v. *Schmidt,* 64 Cal. 260 [30 Pac. 814].) Said grounds are, that the court has no jurisdiction of the offense charged in the information; that the information does not substantially conform to the requirements of sections 950, 951 and 952 of the Penal Code; that more than one offense is charged, except as provided in section 954, Penal Code; that the facts stated do not constitute a public offense; or, that it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution. (Pen. Code, sec. 1004.) And the demurrer is required to specify the particular respect in which the *information* fails.

**[3]** It is too obvious for argument that a demurrer which purports to set up alleged fatal defects in the preliminary complaint, after waiver of preliminary examination and the filing of an information, does not constitute a demurrer to such information, since there is no provision therefor under the terms of section 1004 of the Penal Code.

**[4]** The information filed in the case at bar alleged the same facts that were presented by the complaint, though setting forth *in haec verba* and fully the newspaper article which admittedly was published by the respondent. This did not, however, constitute another or different offense, and the asserted variance between the complaint and the information is not one of the grounds of demurrer specified in the statute. It is not necessary that a complaint shall charge the elements of an offense with all the technical nicety of an information. (*People* v. *George,* 121 Cal. 492 [53 Pac. 1098].)

**[5]** Since the complaining witness and the district attorney were one and the same person it is argued that he should not have attempted to prosecute the case. It appears

that Johnson signed and swore to the preliminary complaint in the justice's court as an individual. We are cited to no provision of the law, and know of none, which would prohibit him from taking such action. It would doubtless be his duty to do so if he believed that a public offense had been committed, either against himself or some other citizen. The information was signed by a deputy district attorney. Such an officer has authority to sign and file informations. (*People* v. *Etting,* 99 Cal. 577 [34 Pac. 237] ; *People* v. *Griner,* 124 Cal. 19 [56 Pac. 625].) Under any circumstances, this objection is not one which could properly be the ground of a demurrer.

[6] No valid objection to the information appears to have been presented to the superior court in this case and its action in attempting to nullify the proceedings before it upon the strength of this so-called demurrer which merely alleged defects in an extinct pleading over which the superior court had no jurisdiction, was void and ineffectual.

The judgment on order sustaining the demurrer is reversed.

Finlayson, P. J., and Works, J., concurred.