THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* OSVALDO COMAS PLAZOLA, Defendant and Appellant.

No. 15425.   Argued October 1, 1953.—Decided October 9, 1953.

*E. Alcaraz Casablanca* for appellant.   *Juan B. Fernández Badillo, Acting Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE SIFRE delivered the opinion of the Court.

Appellant was sentenced by the Superior Court of Puerto Rico, Mayagüez Section, to three months in jail for a violation of § 77 of the Spirits and Beverages Act.[1]

---

[a] Appellant had been previously sentenced to pay a fine for another violation of the same Act.

Section 77 of the Spirits and Beverages Act (Act No. 48 of 1949, Spec. Sess. Laws, p. 104), provides, in part, as follows:

"Section 77.—Every person having in his possession or in any place at his disposition any products subject to tax by this Act, on which the

Appellant asks for the reversal of the judgment, on the ground that the court erred, *first*, in overruling a motion to dismiss the information, *second*, in weighing the evidence, and sentencing him "on the sole testimony of a witness who does not deserve entire credit."

■ We shall turn to consider the first assignment of error. Appellant was arrested on May 2, 1952,[2] and the information was filed on June 16 of that year. The information was demurred to because, "it did not state facts sufficient to constitute a cause of action," and appellant prayed for its dismissal. On August 11, 1952 the trial court sustained the demurrer, ordering the prosecuting attorney to file "a new amended information within the term of 10 days," as of the aforesaid date. The information was presented four days later, that is on August 15, and again appellant filed a motion of dismissal relying on paragraph 1 of § 448 of the Code of Criminal Procedure, 1935 ed.,[3] and alleging that the information had been filed sixty days after appellant's arrest.[4] The trial court dismissed the motion and, as we have seen, appellant has appealed.

In our opinion the lower court did not err in so acting.

Where a demurrer filed against the original judgment is granted, the trial court may, as it did in the case at bar,

---

tax has not been paid, except those duly authorized by this Act, shall be guilty of a misdemeanor, and shall, upon conviction thereof, be punished as hereinafter set forth:    °

.   .   .   .   .   .   .   .   .   ."

[2] Appellant's brief states that he furnished a bail bond.

[3] Section 448 of the Code of Criminal Procedure, 1935 ed., reads as follows:

"Section 448.— (1382 Cal.)   The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hudred and twenty days after the filing of the information."

[4] The first information was presented before sixty days had elapsed, the second, after the statutory term had expired.

order the prosecuting attorney to file a new information,[5] § 157 of the Code of Criminal Procedure, 1935 ed.,[6] *People* v. *Muñoz*, 57 P.R.R. 212, *People* v. *Calero*, 68 P.R.R. 295; *García* v. *District Court*, 68 P.R.R. 20.[7] The dismissal of an information sought on the ground that it was not filed within sixty days after the defendant is arrested does not lie. The provisions of paragraph 1 of § 448 above of the Code of Criminal Procedure do not refer to a new information presented by order of the court, because a demurrer against the first information filed on time has been allowed. *People* v. *Holmes*, 109 Pac. 489 (Cal.); *People* v. *Lee Look*, 76 Pac. 1028.[8]

■ Nor is appellant correct as to the second assignment. The trial court considered and weighed the evidence, and believed the testimony of witness Waldestrudis Rivera, reaching the conclusion that appellant's guilt had been proved. We find nothing in the record to warrant our disturbing that conclusion. *People* v. *Segarra*, 70 P.R.R. 458; *People* v. *Arteaga*, 70 P.R.R. 635; *People* v. *Rivera*, 71 P.R.R. 115; *People* v. *Ríos*, 71 P.R.R. 908.

The judgment will be affirmed.

Mr. Justice Marrero did not participate herein.

---

[5] It does not matter that a new information be styled as "an amended information." *People* v. *Look*, 76 Pac. 1028.

[6] Section 157 of the Code of Criminal Procedure, provides:

"Section 157.— (1008 Cal.) If the demurrer is allowed, the judgment is final upon the information demurred to, and is a bar to another prosecution for the same offense, unless the court, being (is) of the opinion that the objection on which the demurrer is allowed may be avoided in a new information, and directs a new information to be filed; *Provided,* That after such order of resubmission the defendant may be examined before a justice of the peace and discharged or committed by him, as in other cases."

[7] This is so, provided the offense has not prescribed, a question which is not involved in the case at bar.

[8] As to the term established for a new information, see §§ 157 and 148 of the Code of Criminal Procedure, 1935 ed., and *García* v. *District Court, supra.*