[Crim. No. 513.  In Bank.—March 14, 1899.]

THE PEOPLE, Respondent, v. FREDERICK GRINER, Appellant.

CRIMINAL LAW—PLEADING—INFORMATION—SIGNATURE BY ASSISTANT DISTRICT ATTORNEY.—An information for a felony may be signed in the name of the district attorney, by an assistant district attorney, in a county where the statute provides for such assistant.

ID.—HOMICIDE—MURDER IN THE SECOND DEGREE—SUFFICIENCY OF EVIDENCE.—A conviction for murder in the second degree is justified by the evidence, where the testimony of the defendant himself is sufficient in law to authorize it.

ID.—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—WITNESS PRESENT AT TRIAL—DISCRETION.—A motion for a new trial based upon alleged newly-discovered evidence of a witness who was subpoenaed by the defendant, and was present as a witness at the first trial, is addressed to the discretion of the court, and where there is no strong or exceptional showing made, to overcome the lack of diligence in securing the evidence, there is no abuse of discretion in denying the motion.

ID.—PLEA OF SELF-DEFENSE—REPUTATION OF DECEASED FOR PEACE AND QUIETNESS.—Where the defendant pleaded that the homicide with which he was charged was committed in self-defense, and offered to prove that the character of the deceased for peace and quietness was bad, which was disallowed, but the permission of the court was then granted him to assail the general reputation of the deceased for peace and quietness, the defendant should have been satisfied to accept such permission, and, where it was refused, he cannot claim reversible error in the ruling made.

ID.—EVIDENCE—CONVICTION OF DECEASED FOR MISDEMEANOR.—Evidence is not admissible for the defendant to show that the deceased had been convicted of a misdemeanor.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial.  Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

John T. Campbell, and R. M. Swain, for Appellant.

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of murder of the second degree, and appeals from the judgment and order denying his motion for a new trial.

The information charging the commission of the crime is signed with the name of the district attorney of the county, "by T. J. Butts, assistant district attorney." It is now claimed that there is no authority in law for an assistant district attorney to sign an information in the name of his principal, and that, therefore, the motion to set aside the information should have been granted. The district attorney of Sonoma county is allowed an assistant district attorney by authority of the legislature. It has been held that an information is properly signed when the district attorney's name is attached thereto by a deputy district attorney. (*People v. Darr,* 61 Cal. 554; *People v. Etting,* 99 Cal. 577.) Again, it is held that an information signed by an assistant district attorney is valid. (*People v. Turner,* 85 Cal. 432.) If an information signed by a deputy district attorney in the name of his principal satisfies the law, and if an information signed by an assistant district attorney also satisfies the law, then there can be no question but that an information signed in the name of the district attorney by the assistant district attorney is sufficient.

It is next insisted that the verdict is contrary to the evidence. To this point we quote the following excerpt from the testimony of the defendant himself: "I saw he won't go to bed, and so I got up and lit the lamp and told him to go out to his room, and he would not do it, and I urged him along, and put the lamp on the table in the sitting-room, and urged him along to his room, and he got out of the sitting-room into the empty room, and there was an ax in the corner between the two doors, and I saw him raise that, and I went back to my bedroom and under the pillow I had my pistol and got it, and I walked out and urged him along to go to his bed, and he shook the ax around one

way and the other way, and I fired three shots, the first one hit-
ting the breast, and the others I don't know where they went.
I went back to the sitting-room.    The room was full of smoke,
and I heard the ax drop and he walked out on the porch, and
from there I don't know where he went, and I took the lamp
and went out and found him dead on the ground."    Upon this
evidence alone the jury was authorized in law to find the ver-
dict rendered.

It is claimed that a new trial should have been granted upon
the ground of newly-discovered evidence..  In view of the fact
that Brown, the party who was ready to give the newly-dis-
covered evidence upon a second trial, was present as a witness
at the first trial, subpoenaed by the defendant, we are not
strongly impressed with the showing made.    It can be only in
an exceptional case that the character of showing here disclosed
should be deemed sufficient to demand a new trial.    Especially
in a case presenting these facts much should be left to the discre-
tion of the trial court.    New trials upon the ground now urged
would be a most common occurrence if the precedent here sought
should be declared.    *Harralson v. Barrett,* 99 Cal. 610, is a case
in point.    It was there held that a lack of diligence in securing
the evidence was fatal to the application.    In this case there was
no abuse of discretion upon the part of the trial court in so
holding.

Defendant claimed to have done the shooting in self-defense,
and upon that theory offered to prove by various witnesses that
the character of the deceased for peace and quietness was bad.    It
is only in certain peculiar cases that this kind of evidence is ad-
missible at all, and, conceding for present purposes that such a
case is disclosed by this record, still we find no error committed
by the court in the action taken.    Under objection, the evidence
was not admitted, the judge stating at the time that he would
allow evidence as to the general reputation of the deceased for
peace and quietness.    Counsel for defendant declined to accept
the offer made, and now claim reversible error in the ruling of
the court in the rejection of the evidence offered.    We will enter
into no discussion as to the existence of any substantial differ-
ence between evidence as to the character of the deceased for
peace and quietness, and evidence as to his general reputation for

peace and quietness.   It is sufficient now to say that the judge offered to allow counsel for defendant to examine witnesses as to the general reputation of the deceased for peace and quietness, and counsel should have been satisfied with that offer.

It was next attempted to show by the record of conviction that deceased had been previously convicted of a misdemeanor, namely, an assault upon one Whallen.   This evidence was erroneous from any standpoint.   Neither do we find any well-founded objection to the remarks of the prosecuting attorney in his address to the jury.

The court has carefully examined the instructions asked by the defendant which were refused by the judge.   There is no substantial error to be found in such refusal.   The charge to the jury was full, explicit, and legally sound.   It appears to have fully covered the entire law of the case.

For the foregoing reasons the judgment and order are affirmed.

Temple, J., Henshaw, J., McFarland, J., Harrison, J., and Van Dyke J., concurred.