[Crim. No. 439.  Second Appellate District.—February 1, 1916.]

THE PEOPLE, Respondent, v. E. D. LOVE, Appellant.

CRIMINAL LAW—COMMISSION OF LASCIVIOUS ACT—EVIDENCE—PROOF OF OFFENSE ALLEGED.—In a prosecution under section 288 of the Penal Code, which makes punishable acts of a lascivious nature "other than the acts constituting other crimes provided for in part two of this code," it cannot be contended that the evidence established a different charge from that alleged in the information, in that the acts described by the prosecuting witness constituted an offense under section 288a of such code, where the latter section was not enacted until after the date of the offense alleged in the information.

ID.—CONSTRUCTION OF CODE—COMMISSION OF OFFENSE—CHILD UNDER FOURTEEN YEARS.—The provision contained in section 288 of the Penal Code that the offense therein described may be committed by "any person," includes a child under the age of fourteen years.

ID.—ACTS OF SODOMY—RELEVANCY OF PROOF.—Proof of prior lascivious acts, even though such proof tends to show the commission of the distinct crime of sodomy, is relevant for the purpose of illustrating the lascivious disposition of the defendant.

ID.—EVIDENCE—KNOWLEDGE OF WRONGFULNESS OF ACTS—EXCLUSION OF TESTIMONY—LACK OF PREJUDICE.—In a prosecution for the commission of lascivious acts with a boy of the age of fourteen years, there is no error in sustaining an objection to a question addressed to the complainant as to whether or not he knew that the acts charged were wrong at the time of their commission, which question was asked for the purpose of showing that if the witness understood their wrongfulness, he became an accomplice, and his testimony required corroboration, in the absence of any outline by defendant's counsel of the purpose of the question, or request for an instruction as to the necessity of corroboration of the testimony of an accomplice, or an instruction calling the jury's attention to the matter as to whether the witness had sufficient understanding of the nature of the act committed to become an accomplice.

ID.—REPUTATION OF WITNESS—EXPRESSION OF OPINION—SUFFICIENCY OF FOUNDATION—DISCRETION.—The question as to whether a sufficient foundation has been laid to warrant a witness in expressing an opinion as to general reputation is a matter especially committed to the judgment of the trial court, and unless that discretion is shown to have been abused there can be no prejudicial error.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

E. L. Johnson, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was convicted of having accomplished the crime described in section 288 of the Penal Code, by committing certain lascivious acts with a boy with intent as specified in the section referred to. As punishment for the offense the trial judge ordered that he be imprisoned in the state prison for a long term of years. The appeal is from that judgment and from an order denying the motion for a new trial.

The evidence offered in support of the allegations of the information was in the main given by the boy in question, who described in detail very shocking acts alleged to have been committed with him by appellant. Appellant was the keeper of a merchandise store in the city of San Diego and the father of the Mexican boy named in the information was a patron of his store. In the rear of the store appellant had a bedroom for his own use, he appearing to be an unmarried man. It was in this room that the alleged criminal acts are said to have been committed. The father of the boy testified that upon going into the front of the store to make some purchase he failed to find the appellant there, and discovered him in the bedroom lying upon the bed in company with the boy, his body being in contact with that of the boy. He was not able to see what act the two were committing, for appellant immediately arose from the bed and the boy went through a rear door. Upon being questioned by the father, the son told the latter what he and appellant had been doing in the room, and the arrest followed. While on the witness-stand the boy, in addition to describing the acts committed with him, stated that the same kind of acts had been upon prior occasions practiced between the two. There was testimony given by other witnesses that the boy had been seen in and about the store and rooms of the appellant.

It is first claimed that the evidence established a different offense from that alleged in the information, in that the acts described by the boy constituted an offense under section 288a

of the Penal Code, and therefore could not be proved under a charge framed agreeable to the provisions of section 288 of the same code. The section under which appellant was prosecuted makes punishable acts of a lascivious nature "other than the acts constituting other crimes provided for in part two of this code." It is a sufficient answer to this contention, as is properly stated by the attorney-general, that section 288a, referred to by counsel for appellant, was not a law at the time of the commission of the offense alleged. The information and proof made fixed the date of the alleged crime as of the 15th of April, 1915. Section 288a was a new section enacted by the legislature of 1915, which did not become effective until August of that year.

We think there is no merit in the added contention that because section 288 provides that the offense may be committed by "any person," that a child under the age of fourteen is not such a person. The evidence was ample to show the lascivious motives of appellant in causing or persuading the boy to contribute to the commission of the offense. Counsel here suggests another question, which refers to an alleged error committed by the court in ruling upon certain offered testimony. On cross-examination the boy was asked: "Q. At the time that you say that these acts were done, did you know that they were wrong?" This was objected to as "immaterial," and the objection was sustained. Counsel went no further with questions in that direction, and did not outline to the court what theory he was pursuing in calling for testimony as to the fact indicated. He now argues that, as the boy was under the age of fourteen years, he was presumptively incapable of committing a crime unless he knew and appreciated the wrongfulness of the acts. Section 26 of the Penal Code does provide that all persons are capable of committing crimes except: "1. Children under the age of fourteen, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness." It is argued that the testimony was material because, if the boy understood the nature of the act and that it was wrong, he became an accomplice with the appellant, and therefore his testimony would require corroboration. The independent testimony introduced, as we have suggested the general substance of it, was corroborative, and probably in this view we would be compelled to say that the error, if

any, did not result in a miscarriage of justice. However, we conceive that in order to make the ruling of the court amount to prejudicial error, counsel should have called attention to his purpose in asking the question which was ruled out. Furthermore, the jury had before it the boy, and had the opportunity of observing the state of his mental development, his ability to understand, and altogether, under the facts and circumstances, it would seem that they were authorized to draw a conclusion from the testimony before the court upon the very matter adverted to. But appellant did not propose a single instruction to the court dealing with the question of the necessity made by the law which requires an accomplice to be corroborated, or any instruction pointing the attention of the jury to the matter as to whether the boy had sufficient understanding of the nature of the act committed as to become an accomplice. Under such a state of the record, we think the contention for error as to that proposition is not well founded.

It is contended next that evidence was introduced tending to show that appellant committed acts of sodomy with the prosecuting witness, which would not be included within the acts described by section 288. The testimony of the boy does very strongly hint that, in addition to other lascivious acts, the crime of sodomy was committed, although it cannot clearly be told that such was the case. This testimony, which was given in response to direct questions, was all answered without objection being made. But at the conclusion of it appellant's counsel said: "We object to that and move to strike out all the prior testimony along that line. I think that is absolutely incompetent under the charge in this case, a separate and distinct matter." The court responded that the objection was sustained. Not only was the ruling in its whole purport favorable to appellant, but the objection to the testimony, in view of the fact that it was brought out by direct questions of the prosecution, was waived. This court has held in *People* v. *Harrison*, 14 Cal. App. 545, [112 Pac. 733], that, under a charge there considered which was like the one here, proof of prior lascivious acts, even though that proof tends to show the commission of the distinct crime of sodomy, is relevant for the purpose of illustrating the lascivious disposition of the person charged.

We think that the court did not abuse its discretion in refusing to allow the witness Maud Hill to testify as to the

general reputation of the father of the boy for truth, honesty, and integrity. The question as to whether a sufficient foundation has been laid to warrant a witness in expressing such an opinion is a matter especially committed to the judgment of the trial court, and unless that discretion is shown to have been clearly abused, there can be no prejudicial error. Two witnesses were asked by appellant's counsel as to whether they would believe statements of the father of the boy if given under oath, to which questions objections were sustained. This court in the case of *People* v. *Corey,* 8 Cal. App. 726, [97 Pac. 907], has held that such a question may properly be asked, but we need not here determine, assuming that there might be among the justices of this court a difference of opinion as to that matter, the correctness of that holding, as subsequent to the date of that decision an amendment to the constitution has been made which requires that no reversal shall be ordered unless it appears that by reason of the error alleged a miscarriage of justice has resulted. The appellant was permitted to make proof of his own reputation, and also of the alleged bad reputation of the boy's father, who appeared as a witness against him. It can only be in cases where there has been an undue restriction of this privilege to make proof as to personal character that error of a sufficiently prejudicial character to warrant a new trial can be said to have been committed.

A careful examination of the record makes it clear to us that there was sufficient competent evidence heard to support the verdict of the jury.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.