[Civ. No. 17509. Second Dist., Div. Two. May 22, 1950.]

## LORRAINE COSLER, Appellant, v. WINIFRED NORWOOD, Respondent.

D. L. Di Vecchio and Laurence Berger for Appellant.

Lillick, Geary & McHose, John C. McHose, and Seth M. Hufstedler for Respondent.

McCOMB, J.—From a judgment in favor of defendant in an action for an accounting and partition, plaintiff appeals.

*Facts*: Plaintiff and defendant purchased a duplex for $27,000, the title being taken in the names of the parties as joint tenants with the understanding that each should pay half of the purchase price. Plaintiff paid a total of $6,750 on the total purchase price and defendant paid the balance. They moved into the house and defendant paid for the furniture located in it. They resided in the duplex until July 19, 1948, when plaintiff moved from the residence and filed the present action for an accounting.

The trial court decreed that plaintiff owned a one-fourth interest in the real property and that defendant owned a three-fourths interest therein, appointed a referee with authority to sell the property, and ordered the method of distributing the proceeds to the respective parties.

■ *Questions*: First: *Was there substantial evidence to sustain the trial court's findings as to the respective interest of the parties in the real property here involved?*

This question must be answered in the affirmative. Defendant gave direct testimony as to each and every fact set forth above. Therefore under the often repeated rule, that when a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact (*Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424]), we are bound by the trial court's findings in accordance with the above evidence.

■ There is no merit in plaintiff's contention that since the title to the real property was taken in the names of the parties as joint tenants defendant is estopped to claim that she has more than one-half interest in the property. Plaintiff by seeking a partition and an accounting put in issue the interest of each of the parties to the real property in question. Therefore the deed of joint tenancy was only one item of evidence to be considered by the court in connection with other probative facts produced by plaintiff and defendant.

█  Second: *Did the trial court err in not permitting a witness on behalf of plaintiff to testify as to defendant's reputation for truth, honesty, veracity and integrity?*

This question must be answered in the negative. Plaintiff called a witness and offered to prove by her that defendant's reputation "for truth was bad." Objection to such offer was properly sustained. The rule is established that a witness may be impeached by evidence of a bad reputation for truth, honesty or integrity in the community in which he lives or is generally known. (Code Civ. Proc., § 2051.) When it is sought to impeach a witness by attacking his reputation for truth, honesty or integrity, the question must be directed to his general reputation in the community in which he lives or is generally known. Such evidence is properly excluded where the reputation is confined to the vicinity of his place of business or among the members of a restricted group of persons. (*People* v. *Markham*, 64 Cal. 157, 162 et seq. [30 P. 620, 49 Am.Rep. 700].)

In the present case plaintiff's attempt to lay a foundation for the admission of the impeaching testimony merely showed that the witness knew defendant's reputation for truth among the people who knew her at a cafeteria where she had worked.* Clearly such evidence was not a sufficient foundation for admission of an answer to the alleged impeaching question. Whether a sufficient foundation has been laid to warrant a witness in expressing an opinion as to the general reputation of a party for truth, honesty or integrity is a matter committed to the sound judgment of the trial court whose ruling will not be disturbed upon appeal in the absence of a showing of an abuse of discretion. (*People* v. *Love*, 29 Cal.App. 521, 525 [157 P. 9].)

In the present case it is obvious that this rule is applicable and that there is no showing that the trial judge abused his discretion.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

---

*The witness testified: "Q. You did not know her reputation among the people who knew her at the Broadway Cafeteria? A. Not as to honesty, no. Q. Well, the phrase was, 'truth, honesty, and integrity.' That is what the law allows us to ask you. Do you mean to answer that you knew her reputation for truth, but not for honesty? Is that what you are getting at? A. Yes."