[Crim. No. 4970.   Second Dist., Div. Two.   July 3, 1953.]

THE PEOPLE, Respondent, v. JAMES CARNAVACCI, Appellant.

Saul J. Bernard, and Levy, Bernard & Jaffe for Appellant.

Edmund G. Brown, Attorney General, and Ellis Peter Miller, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of assault by means of force likely to produce great bodily injury. (Pen. Code, § 245.) He appeals from the ensuing judgment.

Defendant and the victim, William R. Kallian, were partners in the auto parking business in Los Angeles. This offense occurred at about 8 p.m. on August 6, 1952, in a parking lot near Mr. Kallian's residence. He had just parked his car and was about two or three car lengths away when he first saw the defendant secreted between two automobiles in a crouching position. The defendant stated, "I've got you now, and I'm going to kill you." Whereupon the victim started to walk rapidly away. Defendant, however, "jumped" him from behind, struck him on the back of the head; jerked him around, pummeled him with a series of blows to the face and head, causing him to fall backward against a light pole and to the pavement. He rolled partially under an automobile during which time defendant kicked him "several times" in the back and in the stomach. Kallian crawled further under the car in an attempt to escape the defendant's kicking. His legs, however, protruding, defendant "jumped on them with his feet" and "forced them up against the bumper of the automobile." Defendant tore off some of the victim's clothes in an unsuccessful effort to pull him out from under the car. Because of the inaccessibility of his victim, defendant released the brake on the automobile and let it roll so that Mr. Kallian was again exposed. He attempted to escape but only went 20 to 30 feet, when defendant hit him "up against a building." When defendant pursued the attack, the victim lost his balance and fell. He "was half draped over an iron railing" when defendant kicked him in the face. Mr. Kallian finally locked his arms around defendant, and in their struggle they fell to the blacktop. Having lost his hold on defendant the victim tried to escape. Defendant, however, grabbed him, struck several blows to the stomach and then knocked him out by a "very hard" blow to the temple.

The victim was taken to the Receiving Hospital where two double stitches were taken on a cut above his right eye. He also received contusions above his left eye and on his forehead.

His hands were bruised and his knees and ankle were swollen. He had bumps on the back of his head, and black and blue marks on both his chest and back. His skin was broken in 39 different places. A hernia condition was greatly aggravated, and he had difficulty in urinating for 36 hours. He was hospitalized for nine days.

Defendant's first contention is that the evidence does not support a conviction of assault by means likely to produce great bodily injury; that at most this was nothing more than a simple assault. The foregoing résumé of the evidence furnishes a complete answer to this argument. Forcing the legs of a victim who is on the ground under an automobile up against the bumper in an obvious attempt either to break or seriously injure them; kicking him in the face; and giving him such a severe beating that he required emergency treatment and nine days' hospitalization certainly is ample to justify a conviction of an assault by means of force likely to produce great bodily injury. Defendant, however, points to his own testimony as truly reflecting what took place between him and Mr. Kallian. He would have this court reweigh the evidence, and draw inferences contrary to those drawn by the trial court. Under firmly established principles, we are not at liberty to do this. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Gould,* 111 Cal.App.2d 1 [243 P.2d 809].) Furthermore, what force is likely to produce great bodily injury is basically a question of fact for the trial court. (*People* v. *Nudo,* 38 Cal. App.2d 381, 385 [101 P.2d 162].)

Defendant relies on *People* v. *Fuentes,* 74 Cal.App.2d 737 [169 P.2d 391], in support of his argument that the offense here was only a simple assault. Viewing the evidence, as we must, most favorably to the successful party in the court below, it is clear that the assault in this case was much more severe than was the assault in the Fuentes case.

There is no basis for defendant's argument that he was not given an opportunity to show the victim's ill feeling toward the defendant at the time of this attack because of defendant's adverse testimony in a divorce case between the victim and his wife. The record shows the following cross-examination of the victim by counsel for the defendant on this subject matter:

"Q. . . . By reason of giving of his testimony in that matter you became prejudiced against him and disliked him, isn't that true? A. Well, I didn't exactly dislike him, I

just stayed away from him, that is all. He testified against me and he wasn't for me.

"Q. Well, would you say that your feeling was as friendly toward him after he testified? A. No, it wasn't.

"Q. . . . Did you tell Mr. Carnavacci in the Park Rite Garage that you intended to get him, did you ever say that to him? A. No, I did not."

It is thus clear that defendant had ample opportunity to go into the question of the victim's attitude toward him as a result of his testimony in the divorce case.

Defendant's final contention is that the court erred in striking the testimony of witnesses Moran and Wilson that the victim had a bad reputation for peace and quiet in the community where he resided. This testimony was stricken on the ground that sufficient foundation was not established. ▇ To be admissible such evidence must be directed to the general reputation in the community in which the party lives or is generally known. (40 C.J.S., § 222, p. 1141; *People v. Soules,* 41 Cal.App.2d 298, 306 [106 P.2d 639]; *People v. Griner,* 124 Cal. 19, 21-22 [56 P. 625].) "Such evidence is properly excluded where the reputation is confined to the vicinity of his place of business or among the members of a restricted group of persons." (*Cosler v. Norwood,* 97 Cal. App.2d 665, 667 [218 P.2d 800]; *People v. Markham,* 64 Cal. 157, 163 [30 P. 620, 49 Am.Rep. 700].) ▇ Here witness Moran admitted his testimony that Kallian's reputation for peace and quiet was not good was based upon the way he acted in the witness' presence. Witness Wilson had been employed in a garage by Kallian; his knowledge of Kallian's reputation for peace and quiet was limited to three or four people who came into the garage. Under these authorities a sufficient foundation was not laid to entitle Moran and Wilson to express an opinion as to Kallian's general reputation for peace and quiet. ▇ Furthermore, whether a sufficient foundation had been laid to warrant the admission of such testimony is a matter committed to the sound judgment of the trial court, whose ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. (*People v. Love,* 29 Cal.App. 521, 525 [157 P. 9]; *Cosler v. Norwood, supra; People v. Soules, supra,* p. 307.) There is no showing here of any abuse of discretion.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.