[Crim. No. 5226.    Second Dist., Div. Two.    Dec. 9, 1954.]

THE PEOPLE, Respondent, v. WILLIAM TATE, Appellant.

Earl C. Broady for Appellant.

Edmund G. Brown, Attorney General, and Theodore S. Tabah, Deputy Attorney General, for Respondent.

McCOMB, J.—Following a judgment of guilty of violating section 245 of the Penal Code (wilful, unlawful and felonious assault upon a human being by means of force likely to produce great bodily injury), after trial before the court without a jury, defendant appeals from (a) the order granting probation and (b) the denial of his motion for a new trial.

Facts:* Mr. Holt, the complaining witness, testified that on the date of the alleged offense he was 62 years of age and weighed 151 pounds; that he had a dinner party at his home which was attended by defendant and three other persons; that drinking was indulged in by all; that without provocation defendant hit him many times causing the loss of an eye and several teeth.

Question: Was there substantial evidence to sustain the trial court's finding of guilt?

Yes. Clearly under the rule established in the oft cited case of People v. Newland, 15 Cal.2d 678, 681 [104 P.2d 778], the foregoing testimony if believed, as it was by the trial court, sustains its finding. We of course must disregard conflicting testimony of defendant that the complaining witness had struck him first. Such testimony merely raised a conflict in the evidence which was for the determination of the trier of fact who disbelieved defendant's testimony. (People v. DeVaughn, 136 Cal.App. 746, 752 [29 P.2d 914]; People v. Thomas, 103 Cal.App.2d 669, 672 [4] [229 P.2d 836]; People v. Huston, 21 Cal.2d 690, 693 [1] [134 P.2d 758].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

---

*Pursuant to settled rules the record is viewed in the light most favorable to sustain the findings of the trier of fact. Where there is a conflict in the evidence the evidence most favorable to sustaining the judgment is accepted as true and contrary evidence disregarded. (See People v. Renek, 105 Cal.App.2d 277, 281 [233 P.2d 43].)