[Crim. No. 6754.   Second Dist., Div. Three.   Mar. 15, 1960.]

THE PEOPLE, Respondent, v. JOSE P. GAETA, Appellant.

Nathan Axel for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FORD, J.—The appellant was convicted of the crime of assault by means of force likely to produce great bodily injury (Pen. Code, § 245), in a trial by the court without a jury, a trial by jury having been waived. He appeals from the judgment of conviction and from the order denying his motion for a new trial.[1]

The appellant states his contention as follows: "The court

---

[1] While proceedings were suspended without imposition of sentence and the appellant was placed on probation under certain terms and conditions, such order granting probation is deemed to be a final judgment of conviction for purposes of appeal. (Pen. Code, § 1237.)

erred in finding that appellant did not act in self defense at the time of the alleged violation of Penal Code, section 245 and that the force used by appellant was excessive so as to constitute a violation of Penal Code, section 245—assault by means of force likely to produce great bodily injury." Accordingly, the evidence will be summarized.

The evidence of the prosecution was that on the early morning of October 25, 1958, William V. Jordan, Maurice B. Quigley and Mary Paul left a restaurant on Olvera Street in Los Angeles and proceeded to the place where their automobile was parked. As Mr. Jordan was walking along, he was hit over the head by a bottle and was knocked unconscious. He suffered a skull fracture and his right eye was later removed by surgery. While neither he nor Mr. Quigley saw the person who struck Mr. Jordan at the moment he was hit, Mr. Quigley saw the appellant running away and apprehended him on the premises of a gasoline station. Ben Davidson, a college student, witnessed the incident. He saw the appellant hit Jordan over the head with a bottle which was thereby shattered. The appellant had taken the bottle from a case of bottles near a food stand and had walked about 25 to 35 feet with it. He came up behind Jordan, swung the bottle and hit him above the right eye, his arm coming "around from in the back to the front." There was no struggle between the appellant and Jordan before the blow was struck. Davidson joined Quigley in apprehending the appellant. At that time the appellant had a bruise above his left eye and the seam of his coat was ripped. Both Jordan and Quigley denied that there had been an altercation with the appellant a short time before in front of the restaurant. An officer, William H. Keefer, who arrived on the scene, testified that the appellant had abrasions on his chin, nose, forehead and arm and that blood was visible on his nose, chin and arm.

A witness, Gloria Levison, called by the appellant, testified that she saw Jordan and Quigley come out of the restaurant on Olvera Street and that Jordan grabbed the appellant and hit him on the forehead. The appellant fell down and was again hit three or four times. Quigley and the woman kicked him. Jordan, Quigley and the woman then walked away. Later she saw Quigley in a gasoline station some distance away from the first encounter. Quigley was holding the appellant down and the woman was punching him in the chest. The police took the appellant to the police car. The appellant

testified that, while he was outside the restaurant on Olvera Street, Jordan and Quigley came out and knocked him down and kicked him. He was helped up from the ground by Mrs. Levison and a young man. The appellant then walked toward the gasoline station where his automobile was parked. He did not know where Jordan and Quigley had gone. Before he reached the corner of Alameda and Macy, he saw Jordan and Quigley and one or two women. One of the men asked him, in substance, if he had not had enough and hit him and knocked him to the ground. He tried to get up but the other man grabbed him and threw him on the ground. He further testified, "I believe Mr. Quigley said I going to kill you, you son-of-a-bitch." The appellant grabbed a bottle and swung it to protect himself. He hit the man facing him. The bottle was on the sidewalk, not in a case. Thereafter he ran away about 12 or 15 feet before Quigley grabbed him. For the purpose of impeaching Quigley, testimony of Officer Keefer was offered to the effect that Quigley told the officer that the appellant and Jordan had had an argument or scuffle on Olvera Street.

Appellant is asking this court to reweigh the evidence and to accept the evidence offered on his behalf while rejecting that which was offered by the prosecution. We are not at liberty to do so. On this appeal the evidence is to be viewed in the light most favorable to the prosecution. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778] ; *People* v. *Carnavacci,* 119 Cal.App.2d 14, 16 [258 P.2d 1121] ; *People* v. *Renek,* 105 Cal.App.2d 277, 281 [233 P.2d 43] ; *People* v. *Von Benson,* 38 Cal.App.2d 431, 434 [101 P.2d 527].) The evidence offered by the prosecution as to what occurred at the time of the use of the bottle by the appellant, if believed, as it was by the trial court, sustains the finding of guilt. (*People* v. *Tate,* 129 Cal.App.2d 464, 465 [277 P.2d 407] ; *People* v. *Hooker,* 130 Cal.App.2d 687, 691 [279 P.2d 784] ; *People* v. *Hahn,* 147 Cal.App.2d 308, 311 [305 P.2d 192] ; *People* v. *Carnavacci, supra,* 119 Cal.App.2d 14, 16.) Assuming that the trial court did believe that there had been an encounter in front of the restaurant on Olvera Street as set forth in the evidence offered by the appellant, that event had come to an end and Jordan and Quigley had departed. Accordingly, the trier of fact, in weighing the evidence, was free to believe the testimony of the witness Davidson and to reject any claim of self-defense. (*People* v. *Mitchell,* 40 Cal.App.2d 204, 208 [104 P.2d 545] ; *People* v. *Duchon,* 165 Cal.App.2d 690, 694 [332

P.2d 373] ; see *People* v. *Walker,* 99 Cal.App.2d 238, 243 [221 P.2d 287].) There was no error in denying appellant's motion for a new trial. (*People* v. *Sheran,* 49 Cal.2d 101, 109 [315 P.2d 5].)

The order denying the motion for a new trial and the judgment are affirmed.

Shinn, P. J., and Vallée, J., concurred.