Filed 11/2/20  Barajas v. Triola CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ANNETTE C. BARAJAS, | B298275 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC622774) |
| v. | |
| ANGEL MARIE TRIOLA et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert S. Draper, Judge.  Affirmed.

Law Offices of Robert Bruce Parsons and Robert B. Parsons for Defendants and Appellants.

Law Offices of Rosenthal & Associates and Lisa F. Rosenthal for Plaintiff and Respondent.

_____

### *INTRODUCTION*

After their relationship ended, Annette Barajas filed a partition action against Angel Marie Triola and her corporation, Third Career Investments, LLC, as to certain real and personal property. The parties settled all issues except for a house they used to live in. Following a bench trial, the trial court entered an interlocutory judgment that determined the house is owned 50 percent by Barajas and 50 percent by Triola.

Triola appeals.[1] She argues the trial court could not determine that Barajas has an ownership interest in the house because Barajas is not on record title and did not file a quiet title action. Triola also asserts that any claim Barajas may have had to the house is barred by the statute of limitations, statute of frauds, and laches.

We affirm. In a partition action, a trial court must determine the interests of the parties in the property before it grants relief, and that determination is not dependent on record title or the filing of a quiet title action. There is no statute of

---

[1] Although a notice of appeal was filed by Triola and her corporation, the corporation is wholly-owned and apparently was named as a defendant because it is on title. For ease of reference only, we refer to appellants as Triola.

Triola also asserts the trial court refused to issue an *interlocutory* judgment pursuant to Code of Civil Procedure section 872.720. (All further statutory references are to the Code of Civil Procedure unless indicated otherwise.) However, the text of the judgment meets the statutory requirements for an interlocutory judgment: It determined the interests of the parties in the property and ordered partition. (*Id.*, subd. (a).) The judgment is appealable. (§ 904.1, subds. (a)(1), (2), & (9).)

limitations in a partition action, and substantial evidence supports the court's findings of fact as to the statute of frauds and laches.

## *FACTS[2]*

From 1991 to 1994, Barajas and Triola lived in a house at 1133 W. 225th Street in Torrance. The house was owned by Mary Bramwell, Barajas's aunt. But in March 1992, Bramwell was in financial difficulty and contemplating bankruptcy. In an effort to protect the house from creditors, Barajas and Triola, who were both attorneys and in a personal relationship, helped Bramwell transfer the house to Triola for no consideration. The grant deed was recorded in January 1993.

The ploy was unsuccessful. The house, and another residential property the parties had helped Bramwell transfer pre-petition, ended up in the bankruptcy estate anyway. In May 1996, Barajas and Triola signed a stipulation wherein they agreed to pay the bankruptcy trustee $75,000 and execute a $40,000 promissory note in settlement of all claims for the pre-petition transfers. They delivered quit claim deeds for both

---

[2]     The designation of the record on appeal requested preparation of a clerk's and reporter's transcript. No reporter was present for trial. Thus, the record consists of a clerk's transcript and the trial exhibits. An election to proceed on a clerk's transcript is treated as a judgment roll appeal. (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) On a judgment roll appeal, we presume substantial evidence supports the trial court's findings of fact. (*Taylor v. Nu Digital Marketing, Inc.* (2016) 245 Cal.App.4th 283, 288; *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) We therefore draw the facts from the trial court's final statement of decision.

properties as security for the note. When the note was paid off that November, the trustee deeded the house and the other property to Barajas and Triola as tenants in common Barajas then deeded her interest in the house to Triola, and Triola deeded her interest in the other property to Barajas.

Although the parties ended their relationship in December 1997, they remained good friends. In 1998, a Dissolution Agreement was drafted. This document, although neither signed nor dated, provided that title to the house and the other property would be transferred into both of their names, to be held jointly. A deed transferring the other property from Barajas to both of them was recorded shortly thereafter. A similar deed, transferring title to the house from Triola to both of them, was executed but lost. In 2010, the parties had a falling out after a serious altercation.

The parties acknowledged their joint interest in the house several times up through 2010.[3] In 2003, Triola prepared and filed a discrimination lawsuit against a neighboring owner who would not sell to them. In the complaint, it was alleged they both

---

[3] Triola complains that the trial court did not consider evidence of matters that occurred after November 2010 because of a bias against her. The record belies that assertion. The court explained it did not credit any testimony after the 2010 altercation because it "observed during the testimony of both Barajas and Triola that anything bad they could say about each other was said, even if it was totally irrelevant to the issues in the case or even the question asked. For these reasons, the Court has concluded that actions, statements or conduct of either party after November 2010 are of negligible significance in attempting to determine what the parties intended at the time the transfers relevant to this action were made."

4

owned the house.  In several individual tax returns, each represented to the government that they owned a 50 percent interest in the house.  In May 2012, Triola transferred title to the house to her wholly-owned corporation.

The court found the house is owned 50 percent by Barajas and 50 percent by Triola.  It ordered partition by sale.  An interlocutory judgment was signed and filed.

## *DISCUSSION*

Partition is a statutorily-prescribed equitable proceeding that is favored by the law.  (*Cummings v. Dessel* (2017) 13 Cal.App.5th 589, 596–597 (*Cummings*).)  It permits a co-owner of real or personal property to file an action to terminate and sever common interests in property to avoid the inconvenience and dissension that can come from sharing joint possession.  (*Id.* at p. 596.)  If the court determines the plaintiff is entitled to partition, the court shall issue an interlocutory judgment determining the parties' interest in the property.  (*Summers v. Superior Court* (2018) 24 Cal.App.5th 138, 143.)

"The standard of review for an interlocutory judgment of partition is abuse of discretion."  (*Cummings*, *supra*, 13 Cal.App.5th at p. 597.)  Unless a clear abuse of discretion and a miscarriage of justice is shown, a reviewing court will not substitute its judgment for that of the trial court.

## I.    **The Action is Not Time-Barred**

Triola first argues the action is barred by every possible statute of limitations because everything occurred more than 20 years ago.  The trial court rejected the statute of limitations defense as a matter of law, citing *Sangiolo v. Sangiolo* (1978) 87 Cal.App.3d 511, 513.

The California Supreme Court has long held that a "statute of limitations never bars relief between tenants in common in an action of partition." (*Adams v. Hopkins* (1904) 144 Cal. 19, 27.) The rule is premised on the idea that a co-tenant already has an interest in the property and thus an absolute right to bring a partition action at any time, absent waiver or estoppel. (*American Medical International, Inc. v. Feller* (1976) 59 Cal.App.3d 1008, 1013.) Indeed, any other rule would interfere with the purpose of the partition statutes, to permit severance of common interests in property when necessary. (*Ibid.*) The only exception is "where a party has by operation of the statute of limitations lost all right to and in the land and such right has by prescription become vested in another." (*Adams v. Hopkins,* at p. 27.; see *Akley v. Bassett* (1922) 189 Cal. 625, 645.) Nothing in the trial court's factual findings in its final statement of decision would implicate the exception, and thus no statute of limitations bars the partition action.

But Triola argues that even if no statute of limitations applies to a partition action, a limitations defense would apply to the underlying theory of relief Barajas relies on to claim an interest in the house. Not surprisingly, Triola does not cite any case involving a partition action for this proposition, relying instead on *Muktarian v. Barmby* (1965) 63 Cal.2d 558, a quiet title action. In that case, the trial court found an action to set aside a grant deed was barred by the three-year statute of limitations for fraud and mistake. (*Id.* at p. 559.) The Supreme Court reversed, holding there is no statute of limitations bar in a quiet title action where the plaintiff is in possession of the property. (*Id.* at pp. 560–561.) Quiet title cases that have relied on it, such as *Ankoanda v. Walker-Smith* (1996) 44 Cal.App.4th

610, have also turned on the question of possession. *Muktarian* is simply inapplicable here; and, it cannot be analogized to undercut the long-standing rule that no statute of limitations applies in a partition action.

Moreover, the trial court found by clear and convincing evidence that the parties had pursuant to the Dissolution Agreement executed deeds to transfer title to the house and the other property to be held jointly. The one deed—putting Triola on record title to the other property—was recorded; the other—to put Barajas on title to the house—was lost. The court found there was no reason why the two deeds would be treated differently. Triola makes much of the fact that Barajas is not on record title, but the law provides that the mere failure to record a deed does not vitiate the transfer. (*Blackburn v. Drake* (1963) 211 Cal.App.2d 806, 814.) The transfer was complete on delivery of the deed to the house. Accordingly, no statute of limitations had even began to run, much less had expired, when the partition action was filed.

Finally, Triola suggests that the complaint is barred by laches. Whether laches applies in a particular case is a question of fact. (*Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624.) The trial court found in its statement of decision that there was "no evidence" to support the elements of laches. The argument is waived. The record provided is inadequate to review this issue.

## II. The Trial Court Did Not Create New Title

It is well settled that an action for partition action does not, and cannot, create new title. (*Rancho Santa Margarita v. Vail* (1938) 11 Cal.2d 501, 539.) Rather, it may only divide present and existing interests. (*Ibid.*) Triola argues the court violated this rule and created new title when it determined Barajas has a 50 percent interest in the house without requiring her to file a quiet title action. She is mistaken.

She first asserts that an examination of the pleadings shows the issue of title was never joined, and that title could only have been adjudicated in a quiet title action which Barajas never filed. The complaint in a partition action must set forth "[a]ll interests the plaintiff has or claims in the property." (§ 872.230, subd. (b).) The answer must set forth any interest the defendant has or claims as well as "[a]ny facts tending to controvert such material allegations of the complaint as the defendant does not wish to be taken as true." (§ 872.410, subd. (b).) The court is then charged with "ascertaining" the state of title "[t]o the extent necessary to grant the relief sought or other appropriate relief." (§ 872.620.) And before it may grant relief, the court shall enter a judgment that "determines the interests of the parties in the property." (§ 872.720, subd. (a).) Nowhere does Triola demonstrate how the pleadings disregarded these requirements. Moreover, partition is an equitable proceeding where a court exercises broad powers and almost unlimited discretion to do equity. (*Cummings, supra*, 13 Cal.App.5th at pp. 596–597; *Richmond v. Dofflemyer* (1980) 105 Cal.App.3d 745, 766.) The issues were properly joined and Triola does not show any prejudice.

Next, she argues that because Barajas is not on record title the court could not determine whether she had an ownership interest different from title. In an action for partition all parties' interests are put in issue regardless of record title. (§ 872.610 ["The interests of the parties, plaintiff as well as defendant, may be put in issue, tried, and determined in the action"].) Case law is consistent. In *Milian v. De Leon* (1986) 181 Cal.App.3d 1185 the court stated at pages 1195–1196 that all interests are put in issue "regardless of the record title." In *Thomassett v. Thomassett* (1953) 122 Cal.App.2d 116 the court explained at page 133 that, "Property may be found to be other than that indicated by the deed when there is an oral or written agreement as to the ownership of the property, *or where such understanding may be inferred from the conduct* and declarations of the spouses." (Italics added, disapproved on another ground by *See v. See* (1966) 62 Cal.2d 788, 785 –786; see also *Kershman v. Kershman* (1961) 192 Cal.App.2d 23, 26; *Cosler v. Norwood* (1950) 97 Cal.App.2d 665, 666.)

Finally, Triola asserts in her opening brief that the rebuttable presumption of Evidence Code section 662 was not overcome. In her reply, she now argues that section 662 "has no bearing on this action." Given that concession, we treat the argument as having been withdrawn. In any event, the record was inadequate to consider the point. Section 662 provides that, "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." Although the trial court acknowledged Barajas was not on record title, it found, by clear and convincing evidence, that the presumption had been rebutted.

III.    **There is No Statute of Frauds Bar**

Triola argues that the action is barred by the Statute of Frauds. She points to the "unsigned, undated piece of paper with numerous interlineations" that is otherwise known as the Dissolution Agreement. She argues that this is not enforceable as a matter of law.

The trial court rejected this defense in its tentative statement of decision for the simple reason that the statute of frauds must be pled as an affirmative defense and Triola had not done so. This statement went unchallenged in subsequent filings and the court's finding that the defense had been waived was included in the final statement of decision. The issue is deemed waived. Even if it had not been waived, the limited record on appeal is inadequate for meaningful review. Both Barajas and Triola testified as to the efficacy of the document and the court concluded it was valid and had been partially performed. Without a reporter's transcript, there is nothing to review.

Moreover, a partition action is, as noted above, an equitable proceeding to which equitable principles apply. (*Cummings*, *supra*, 13 Cal.App.5th at pp. 596–597.) Equitable estoppel "may preclude the use of a statute of frauds defense" when to apply it would cause a fraud to be perpetrated. (*Byrne v. Laura* (1997) 52 Cal.App.4th 1054, 1068; see *Monarco v. Lo Greco* (1950) 35 Cal.2d 621, 623–624; *Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1058.) It is clear from a fair reading of the final statement of decision that the trial court concluded that the application of equitable estoppel was appropriate here.

10

## *DISPOSITION*

The judgment is affirmed.  Respondent shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SALTER, J.[*]

We concur:

BIGELOW, P. J.

GRIMES, J.

---

[*]    Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.