[No. F006318. Fifth Dist. June 30, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JON ERIC CLARK, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rule 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III, and IV.

**COUNSEL**

Morgan, Ruby, Teter, Schofield, Franich & Fredkin, Allen Ruby and Michael Ito for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### FRANSON, Acting P. J.—

#### STATEMENT OF THE CASE

Appellant was charged with lewd and lascivious conduct with a child under the age of 14 (Pen. Code, § 288, subd. (a)), with having made friends with the victim for the purpose of committing a violation of Penal Code section 288 (Pen. Code, § 1203.066, subd. (a)(3)), and with having substantial sexual conduct with the victim, a child under the age of 11 (Pen. Code, § 1203.066, subd. (a)(8)). It was also alleged that appellant had suffered a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a).

A jury found appellant guilty of lewd and lascivious conduct as charged and found true the allegations that he made friends with the victim and had substantial sexual conduct with the victim. The prior conviction allegation was tried separately.

Appellant moved to strike the prior conviction on constitutional grounds. The trial court denied this motion. The parties waived a jury trial, and the court found that the allegation of a prior serious felony conviction was true.

Appellant was sentenced to 13 years in state prison.

#### STATEMENT OF FACTS

Appellant, age 43 at time of sentencing, was hired to hang wallpaper in one-half of a duplex during the last week of April and the first week of May in 1983. Mrs. D. and her five-year-old daughter, Michelle, lived in the other half of the duplex.

Mrs. D. found Michelle watching appellant working several times. Mrs. D. took Michelle out of the apartment and told her not to bother the man who was working. However, Michelle continued to visit appellant.

In December 1983, Michelle attended a class on molestation in kindergarten. The class instructor, Linda Mauren, talked about touching that is appropriate and touching that is not. The children were also instructed that if they had been inappropriately touched or told to keep the touching a secret, they should tell someone about it.

The Sunday after Michelle attended this class she spontaneously told Mrs. D. that "Jon, the wallpaper guy, . . . made her touch his 'pee-pee'" and that "he touched her down there on her private parts."

The next day Mrs. D. and Michelle met with Linda Mauren at the Women's Crisis Center. Ms. Mauren talked with Michelle and asked her to draw a picture of what happened. Michelle drew a picture of two figures, a large one and a small one. Michelle identified the large figure as "Jon" and the small figure as herself.

Michelle testified and recounted the details of the touchings. She also stated that appellant gave her apples, oranges and gum. When Michelle heard her mother calling, appellant told her to keep a secret and to say that she was picking flowers. Michelle did as she was told.

## DISCUSSION

I. *Appellant has waived any contention that Dr. Corwin's opinion testimony was based on impermissible speculation by failing to make a timely and specific objection to the testimony.\**

. . . . . . . . . . . . . . . . . . . . .

II. *There was no error in admitting the victim's "fresh complaint" made approximately seven months after the incident.*

In prosecutions for sex offenses, proof of complaints made by a minor victim through testimony of third persons is admissible under the "fresh" or "recent" complaint doctrine. (*People v. Meacham* (1984) 152 Cal.App.3d 142, 158 [199 Cal.Rptr. 586].) These complaints are allowed into evidence under the theory that they are only admitted to show that a complaint was made by the victim, and not for the truth of the matter stated. (*In re Cheryl H.* (1984) 153 Cal.App.3d 1098, 1128-1129 [200 Cal.Rptr. 789].) Thus, the evidence is not hearsay. The rationale of this doctrine is that "[i]t is natural to expect that the victim of such a crime would complain of it, and the prosecution can show the fact of complaint to forestall the assumption that none was made and that therefore the offense did not occur." (*People v. Burton* (1961) 55 Cal.2d 328, 351 [11 Cal.Rptr. 65, 359 P.2d 433].)

It has generally been held that to be admissible on this ground, the complaint must have been volunteered within a reasonable time of the sex

---

\* See footnote, *ante,* page 178.

offense. (*In re Cheryl H., supra,* 153 Cal.App.3d 1098, 1129; *People* v. *Deletto* (1983) 147 Cal.App.3d 458, 479 [195 Cal.Rptr. 233].) However, a short delay in making a complaint affects only the weight of the testimony and not its admissibility. (*People* v. *Meacham, supra,* 152 Cal.App.3d 142, 158.) Further, the complaint must not have been made in response to questions. (*In re Cheryl H., supra,* 153 Cal.App.3d 1098, 1129.)

■ Appellant contends that testimony regarding Michelle's complaint should not have been admitted on the ground that the complaint was not "fresh" due to the seven- to eight-month delay between the incident and the complaint.

An unexplained delay of seven months would undoubtedly cause a complaint to fall outside the fresh complaint doctrine. The longest delay permitted by a court thus far has been approximately one month. (*People* v. *Meacham, supra,* 152 Cal.App.3d 142.) However, the complaint here was made shortly after Michelle attended the class on molestation and learned of the importance of reporting such incidents.

Most children do not view a sexual episode as shocking or particularly unusual and may not know that what has happened to them is wrong. (Comment, *A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases* (1983) 83 Colum.L.Rev. 1745, 1756.) When discussing a delay of approximately one month between a five-year-old child's complaint and the incident, the court, in *People* v. *Bianchino* (1907) 5 Cal.App. 633, 637 [91 P. 112], noted that "[t]he child was too young to be fully conscious of anything wrong in the act, or to experience any sense of shame, and, considering the relations of defendant to the family and his familiarity with the child, she may not have comprehended the nature of the act or thought of complaining earlier than she did. When the disease developed and she found herself suffering additional pain the complaint was naturally renewed."

Before the offense, Michelle had neither demonstrated any knowledge of sexual matters nor witnessed any sexual conduct. Further, she was told to keep the incident a secret. Thus, Michelle did not have the impetus to make the complaint until she attended the molestation class. Nevertheless, once Michelle became aware of what had happened to her, she promptly made the complaint. Therefore, the complaint was "fresh" in the sense of Michelle's cognizance and, in light of the rationale behind this doctrine, was properly admitted.

■ Appellant further contends that the trial court erred in not giving a limiting instruction regarding the complaint. However, the court has no duty, absent a request, to give an instruction limiting the purpose for which

evidence may be considered. (*People* v. *Simms* (1970) 10 Cal.App.3d 299, 311 [89 Cal.Rptr. 1].) Since appellant did not request a limiting instruction, the trial court was not required to give one.

III., IV.*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

The judgment is affirmed.

Hamlin, J., and Pettitt, J.,† concurred.

Appellant's petition for review by the Supreme Court was denied October 15, 1987. Broussard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 178.
†Assigned by the Chairperson of the Judicial Council.